### IN RE W. L. WIGGINS.

(Filed 19 April, 1916.)

**Requisition—Habeas Corpus—Appearance Bond—Forfeiture—School Funds—Statutes—Constitutional Law.**

Where the Governor has granted requisition for a fugitive from justice from another State, to be turned over to the agent of that State here, and the prisoner sued out the writ of *habeas corpus* before a judge of the Superior Court, and pending this proceeding he forfeits his ap-

*In re* WIGGINS.

pearance bond, payable to the State of North Carolina: *Held*, the penalty on the bond falls within the provisions of Revisal, sec. 1378, enacted in pursuance of Art. IX, sec. 5, of our Constitution, and goes to the benefit of the public school fund of the county, and not to the agent of the State whose requisition had been honored, especially when he has shown no authority from such State to collect the amount in controversy.

APPEAL by J. F. Gordon, agent, etc., from order of *Cline, J.,* in proceedings held at the October Term, 1915, of FORSYTH.

This is an application by J. F. Gordon, agent for the State of Florida, to have turned over the proceeds of a forfeited appearance bond.

On 11 March, 1914, a warrant for William L. Wiggins was issued by William Martin, county judge for Orange County, State of Florida, charging the said Wiggins with embezzlement, and on 17 March, 1914, requisition was issued by the Governor of the State of Florida upon the Governor of North Carolina for the surrender of Wiggins, and appointing J. F. Gordon agent for the State of Florida to receive from the authorities of the State of North Carolina the said Wiggins, and on 19 March, 1914, the Governor of North Carolina honored said requisition. On 14 March, 1914, a warrant was issued against said Wiggins under which he was arrested.

Wiggins, on 16 March, 1914, made application to his Honor, W. A. Devin, judge presiding at the March term of the Superior Court of Forsyth County, for a writ of *habeas corpus,* and on 21 March, 1914, his Honor, W. A. Devin, entered judgment in which he ordered that the said Wiggins be delivered to J. F. Gordon, to be taken to the State of Florida. From this judgment the said Wiggins appealed to the Supreme Court and his appearance bond was fixed by Judge Devin at $300, which bond was duly executed for his appearance at the July term of the Superior Court of Forsyth County. The bond was executed with T. W. Hancock and Mary E. Hancock as sureties for said W. L. Wiggins to appear at July term of the Superior Court of Forsyth County, and was payable to the State of North Carolina; that at July term the said Wiggins failed to make his appearance, and judgment was entered February Term, 1915, against W. L. Wiggins and his sureties for the sum of $200, the bond being reduced to that sum by the court, which amount his sureties paid upon execution issued by the clerk of the Superior Court of Forsyth County, and after deducting the cost the amount was paid to the treasurer of Forsyth County for the benefit of the public school fund.

At October Term, 1915, J. F. Gordon, agent for the State of Florida, made application before his Honor, E. B. Cline, that the $173 collected on the forfeited bond be paid him as agent of the State of Florida. His Honor declined this application and entered judgment that the money collected on this forfeited appearance bond belonged to the

school fund of Forsyth County. From this judgment counsel for the agent of the State of Florida appealed to the Supreme Court.

*J. C. Buxton and Raymond G. Parker for J. F. Gordon, Agent. Hastings & Whicker for School Board.*

ALLEN, J. The Governor of the State of Florida made demand upon the Governor of North Carolina for the surrender of W. L. Wiggins, alleged to be a fugitive from justice.

Wiggins was arrested in Forsyth County under process duly issued, and thereafter he filed his petition before one of the judges of the Superior Court of this State asking that the writ of *habeas corpus* issue and that the lawfulness of his detention be inquired into.

The writ was issued and upon the hearing judgment was rendered denying the prayer of the petition, and Wiggins appealed to the Supreme Court. Pending his appeal he was required to enter into bond payable to the State of North Carolina and conditioned that he make his appearance at a regular term of the Superior Court of Forsyth County to abide the result of the appeal.

The appeal was dismissed, and the said Wiggins having to appear according to the conditions of his bond, a judgment of forfeiture was entered and the amount of the bond collected and the net proceeds turned over to the board of education of Forsyth County.

Thereafter J. F. Gordon, who was the agent of the State of Florida to receive the said Wiggins and carry him to Florida, made application to the Superior Court demanding that the net proceeds of said bond be paid to him as such agent, and this appeal presents the question as to his right to recover such proceeds.

The proceedings upon the writ of *habeas corpus* were, under the laws of this State, administered by our own court.

Wiggins, the fugitive from justice, was arrested by the sheriff of Forsyth County, was confined in the jail of that county; the bond for his appearance was payable to the State of North Carolina and made returnable to a regular term of the Superior Court, and the judgment of forfeiture was declared in that court.

The facts, therefore, bring the case clearly within the provisions of section 1378 of the Revisal, enacted pursuant to Article IX, section 5, of the Constitution, which declares that "All fines, forfeitures, penalties, and amercements collected in the several counties by any court or otherwise shall be accounted for and paid to the county treasurer by the officials receiving them within sixty days after receipt thereof and shall be faithfully appropriated by the county board of education for the establishment and maintenance of free public schools."

If, however, it were otherwise, the petitioner, Gordon, has shown no right or title to any part of the proceeds of the forfeited bond. The State of Florida is making no claim, and Gordon, who claims to be the agent of that State, has shown no authority except to receive the fugitive from justice and to carry him to Florida, and this would not authorize him to collect money belonging to the State of Florida. There is

No error.