MABLE JEAN BARNWELL v. THOMAS P. BARNWELL.

(Filed 2 March, 1955.)

**1. Divorce and Alimony § 12—**

An order entered in the wife's action for alimony without divorce requiring defendant to pay subsistence and counsel fees *pendente lite* is void when the order is entered without notice to defendant.

**2. Same—**

Where it is conclusively established by judicial admission of the parties that an order, requiring defendant to pay subsistence and counsel fees *pendente lite*, was void because entered without notice to defendant, the court properly treats such order as a nullity upon challenge by defendant, and an order thereafter entered for subsistence and counsel fees *pendente lite* after due and proper notice to defendant will be upheld, notwithstanding want of formal decree that the prior order was void, which omission will be remedied *nunc pro tunc.*

**3. Same—**

After the wife instituted suit for alimony without divorce, in which action the question of the custody of the minor child of the marriage was not raised, the husband instituted suit for absolute divorce. *Held:* The amendment of G.S. 50-16 by Chapter 925, Public Laws of 1953, does not affect the jurisdictional power of the court to award subsistence for the mother and child *pendente lite* in her action for alimony without divorce.

APPEAL by defendant from *Whitmire, Special Judge,* at 22 November, 1954, Extra Mixed Term of BUNCOMBE.

Civil action for alimony without divorce under G.S. 50-16, heard below on application for allowances *pendente lite.*

At the May 1954 Term of court an order was entered requiring the defendant to pay the plaintiff subsistence and counsel fees *pendente lite.* The order provided for counsel fees of $100 and a lump-sum payment of $122.50 in addition to regular weekly payments of $15 for the support of the plaintiff and the infant child born of the marriage between the parties.

By affidavit filed 28 October, 1954, it was made to appear that the defendant had failed to comply with the order and was in arrears as to all the payments required. Thereupon Judge Dan K. Moore, then presiding, signed an order directing the defendant to show cause why he should not be held in contempt of court for failure to comply with the former order. The order to show cause was continued and made returnable before Judge Whitmire at the 22 November, 1954, Extra Mixed Term. When the cause came on for hearing, the defendant challenged the validity of the order of 18 May, 1954, on the ground it was entered without notice to the defendant. Whereupon, the plaintiff admitted that the challenged order was signed without notice to the defendant. It was also admitted by counsel for plaintiff that neither the defendant nor his counsel was before the Judge at the time the order was signed. The record discloses that upon these admissions Judge Whitmire declined to adjudge the defendant in contempt of court, but intimated the plaintiff might make a new motion for temporary subsistence and counsel fees. Plaintiff's counsel thereupon made such motion. Notice of the motion

was reduced to writing and signed by Judge Whitmire and service was then accepted in writing by the defendant.

On 2 December, 1954, the defendant and his counsel, together with plaintiff and her counsel, appeared before Judge Whitmire pursuant to the notice. The defendant objected to the hearing on the ground that the notice of the hearing "was without authority of law and therefore void." The objection was overruled and the defendant excepted. Defendant's Exception No. 1.

The defendant then objected to the hearing on the ground that an action for absolute divorce was then pending in the General County Court of Buncombe County between the plaintiff and the defendant, which action had been instituted by the defendant against the plaintiff, and that jurisdiction to award subsistence and counsel fees was exclusively in that court. It was admitted that the divorce action was instituted after the commencement of this action. The objection was overruled and the defendant excepted. Defendant's Exception No. 2.

The court then proceeded with the hearing and, after consideration of the plaintiff's verified complaint and the testimony of the defendant, found these facts: (1) that the plaintiff and the defendant are husband and wife; (2) that one child was born to the marriage—the child being twenty months old at the time of the hearing; and (3) that the defendant wrongfully abandoned the plaintiff and child and thereafter wilfully failed and refused to provide them "adequate support according to his means and ability."

On the facts found the defendant was ordered to pay $25 weekly for the support of the plaintiff and her infant child and the additional sum of $50 as counsel fees.

To the facts as found and to the order as entered the defendant excepted and appealed, assigning errors.

*I. C. Crawford and L. C. Stoker for plaintiff, appellee.*
*Sanford W. Brown and Richard L. Griffin for defendant, appellant.*

JOHNSON, J. The defendant's first assignment of error, based on Exception No. 1, is that the order appealed from is void for the reason that at the time it was entered by Judge Whitmire on 3 December, 1954, the previous order entered at the May Term, 1954, was in force. The defendant takes the position that Judge Whitmire was without authority of law to enter an order superseding the former order in the absence of allegations by the plaintiff and findings of the court showing changed conditions since the entry of the former order.

The defendant's position is untenable. The original order was entered in May without notice to the defendant. This was conclusively estab-

lished by judicial admission of the parties. Therefore the order was void. *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709. See also *Clapp v. Clapp, ante,* 281, 85 S.E. 2d 153. Judge Whitmire properly treated it as a nullity upon challenge by the defendant. True, no formal decree was made adjudicating that the order was void, but the omission is inconsequential and may be remedied *nunc pro tunc.* It is so ordered. The record stipulates that the latter order was entered after "due and proper notice" to the defendant. The hearing will be upheld.

Next, the defendant challenges the order of Judge Whitmire on the ground that the jurisdiction of the Superior Court in the instant action was ousted by the commencement of the action for absolute divorce in the General County Court. Here the defendant points to Chapter 925, Public Laws of 1953, which amplifies G.S. 50-16 so as to permit the custody of children to be determined in actions for alimony without divorce, but subject to the limitation that "Such request for custody of the children shall be in lieu of a petition for a writ of *habeas corpus, . . .*" From this the defendant reasons that the power to award custody in an action for alimony without divorce (G.S. 50-16) is the same as under writ of *habeas corpus,* wherein the rule is that jurisdiction as to custody is ousted upon the filing of a divorce action. *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906. The defendant contends that by analogy jurisdiction as to matters of custody or support of a minor child in an action for alimony without divorce is terminated by the filing of an action for divorce. The defendant's contention in respect to child-custody is not presented for review in this case. Neither parent seeks an adjudication of rights respecting custody of the child of the marriage, and the order is silent in respect thereto. Therefore we refrain from intimating what our decision would be under the 1953 amendment if custody were in issue. See 31 N.C.L.R. 407. In the instant case it is enough to say that the amendment of 1953 in nowise affects the jurisdictional power of the court to award subsistence for a mother and child in an action for alimony without divorce where, as here, the question of custody is not raised. The defendant's second assignment of error is overruled.

The remaining assignments of error are without merit. They involve no new question requiring extended discussion. The court's findings of fact support the order as entered. It will be modified, however, so as to declare the order of 18 May, 1954, a nullity, and as so modified let the order appealed from be affirmed.

Modified and affirmed.