MARGRETTE ESTHER PARDUE KEARNS v. PAUL RUTHERFORD KEARNS

No. 6922SC331

(Filed 22 October 1969)

1. **Appeal and Error § 6—  orders appealable — temporary order in divorce case**

An appeal to the Court of Appeals was properly taken from a temporary order awarding alimony *pendente lite*, child custody, counsel fees and possession of certain properties.

2. **Divorce and Alimony § 18—  subsistence pendente lite — insurance policies**

In the wife's action for divorce without alimony, portion of the court's

order awarding alimony *pendente lite* and temporary child custody which required defendant husband to maintain in effect all policies of insurance without changing the beneficiaries was improper where the record is silent with respect to how much insurance defendant owned, the type of policies, or the beneficiaries thereof, and there is nothing in the record to show whether compliance with this portion of the order would benefit plaintiff wife and the minor children.

**3. Divorce and Alimony § 18—    subsistence pendente lite — temporary child custody — sufficiency of notice — notice before second hearing**

In wife's action for alimony without divorce, order requiring defendant to pay subsistence and counsel fees *pendente lite* and awarding temporary child custody is not void for failure of plaintiff to give defendant five days' notice prior to the first hearing held on the wife's motion on 26 February as required by G.S. 50-13.5(d)(1) and G.S. 50-16.8(e), where both defendant and his counsel attended the first hearing, notice was given by the trial court at the first hearing of the further opportunity to be heard at another hearing held on 13 March, defendant's counsel was present at the second hearing, and the order was signed only after the second hearing, defendant having been given sufficient notice of the second hearing to enable him to present any further evidence he desired.

**4. Divorce and Alimony § 24;    Infants § 9—    custody proceedings — testimony by minor children**

In a hearing to determine custody of four minor children, the court erred in refusing to hear the testimony of the children upon request by counsel for defendant husband, the children having a right to have their testimony heard in custody proceedings.

**5. Divorce and Alimony § 24;    Infants § 9—    custody — both parents fit — court's award**

When there has been a finding that both parents are fit and suitable to have custody, the judge's order awarding custody is conclusive when supported by evidence.

**6. Divorce and Alimony § 18—    counsel fees pendente lite**

In the wife's action for alimony without divorce, no abuse of discretion is shown in award of $1500 as counsel fees *pendente lite*.

**7. Divorce and Alimony § 18—    subsistence pendente lite**

In the wife's action for alimony without divorce, an award of $750 per month *pendente lite* for the maintenance and support of plaintiff wife and the two children in her custody *is held* not to constitute an abuse of the court's discretion.

**8. Divorce and Alimony § 18—    subsistence pendente lite — furnishing of home for wife**

In this action for alimony *pendente lite*, the court had authority to require defendant husband to provide for the furnishing of the residence where plaintiff and two children reside, but the court should have fixed a definite dollar amount for defendant husband to expend for this purpose.

**9. Divorce and Alimony § 18—    subsistence pendente lite — payment of debts**

   In this action for alimony *pendente lite,* the trial court had authority to order that defendant husband pay all debts of the parties as of the date of the order, such payment being associated with defendant's duty to support his wife.

**10. Divorce and Alimony §§ 18, 23—   order awarding support for minor and alimony — separate statement of each allowance**

   Where an order provides for payment for support of a minor child and for alimony or alimony *pendente lite,* the order must separately state and identify each allowance. G.S. 50-134.4(e), G.S. 50-16.7(a).

APPEAL by defendant from a temporary order by *McConnell, J.,* 20 March 1969, in chambers, DAVIDSON Superior Court.

Plaintiff filed suit on 21 February 1969 for alimony pendente lite, child custody, counsel fees and possession of certain properties. Plaintiff alleges that she and defendant were married on 26 June 1955 and, except for a time in 1967, when she separated herself from the defendant because of his actions, have lived together as husband and wife until 14 February 1969, at which time she and defendant again separated.

Since a detailed review of the allegations of plaintiff and counter allegations of defendant by affidavit and testimony are not necessary to decision, we deem it appropriate to omit them from the opinion. Suffice it to say that plaintiff's complaint, asked to be considered as an affidavit, is sufficient to support the facts found and order entered. Defendant was served on 22 February 1969 with notice of the hearing to be held on 26 February 1969, copy of the notice and complaint having been delivered to his counsel on 21 February 1969. At the hearing on 26 February 1969, defendant moved that plaintiff's action be dismissed for failure to comply with the statute as to notice. The motion was denied and the court proceeded to hear the parties. Both defendant and plaintiff testified and the court received some 25 affidavits for defendant, including the affidavits of his children by a previous marriage, and two affidavits for plaintiff. Counsel for defendant suggested to the court that the four minor children wished to be heard and twice requested the court to hear them. The court refused to hear the children. The court advised the parties that he would take the affidavits and make a decision later and if the parties wanted to put on oral evidence he would hear it but not the testimony of the children as to their wishes. The order reflects that the court, on 13 March 1969, heard further arguments of counsel.

In the order entered by the court it is found as facts that four

children were born of the marriage, presently aged twelve, eleven, nine, and seven years; that the parties were separated on 14 February 1969 and have lived continuously separate and apart since that date; that both plaintiff and defendant were fit and suitable persons to have the care, custody and control of the minor children; that plaintiff was without funds to support herself and defray the costs and expenses of the action, she having been dependent on defendant for maintenance and support; that plaintiff and defendant owned jointly a 300-acre farm in Iredell County and a residence in Statesville; that defendant had an interest in additional real estate in North Carolina and Florida; that defendant owned a Buick automobile, a Chevrolet automobile, a Chevrolet truck, an Apache Piper airplane, various stocks and bonds, life insurance policies, horses, farm machinery and equipment, and other personal property; that the residence in Statesville in which plaintiff was residing was not completely furnished and that it should be; that defendant had paid to plaintiff since the first hearing and prior to the entry of the order the sum of $500 for her care, maintenance and support and $300 for partial attorneys' fees; that it would be in the best interests of the two older children to be placed in the custody of defendant and in the best interests of the two younger children to be placed in the custody of the plaintiff. The court entered an order, effective until 28 May 1969 or as soon thereafter as hearing could be had, granting custody of the two older children to defendant with rights of visitation in plaintiff and custody of the two younger children to the plaintiff with visitation rights in the defendant, and granting plaintiff a writ of possession to the residence in Statesville. Defendant was ordered to transfer to plaintiff title to the Buick automobile, pay plaintiff $750 per month for the care, maintenance and support of plaintiff and the children in her custody; make mortgage payments, and pay insurance and taxes on the residence in Statesville; pay attorneys' fees of $1500 to plaintiff's counsel; maintain in effect all policies of insurance until further orders of the court without changing beneficiaries; pay all medical, dental, and hospital expenses of plaintiff and the minor children; and furnish plaintiff sufficient funds to be used in furnishing the residence in Statesville or, in the alternative, to furnish the residence to meet with plaintiff's approval.

Both parties excepted and appealed.

*Collier, Harris and Homesley, by W. H. McMillan, for plaintiff appellee.*

*Chamblee and Nash, by M. L. Nash, for defendant appellant.*

MORRIS, J.

Since plaintiff has brought forward no exceptions or assignments of error, her appeal is deemed abandoned under Rule 19(c), Rules of Practice in the Court of Appeals.

[1]  The first question to be answered is whether the temporary order entered by the court is one from which an appeal may be taken. This question is raised by plaintiff's written motion in this Court to dismiss the appeal as being an appeal from a temporary order not affecting a substantial right. Under the totality of the circumstances of this case we hold that the case is properly before us.

[2]  Defendant contends that the portion of the order relating to the beneficiaries in his insurance policies is in error. Defendant's financial statement indicates present cash value of life insurance to be $1700 and monthly premiums therefor to be $420.04. The record is otherwise silent with respect to how much insurance defendant owned, what type of policies, the beneficiaries thereof, etc. Nor does the order indicate whether plaintiff and the children, or any of them, are beneficiaries of life insurance. There is nothing in the record to show whether compliance with this portion of the order would benefit plaintiff and the minor children nor whether a failure on the part of defendant to comply would result in harm to them, or any of them. Obviously this part of the order was not for the purpose of charging the insurance with a lien for the enforcement of the award of alimony or support. Plaintiff's complaint did not ask for any order concerning insurance. This portion of the court's order, in our opinion, was not proper in this case.

[3]  Defendant by assignments of error Nos. 1 and 2 contends that the court had no jurisdiction to enter the order because notice was not given in accordance with G.S. 50-13.5(d)(1) and G.S. 50-16.8(e), the former requiring five days' notice on a motion for custody and the latter requiring five days' notice before an order for alimony pendente lite can be issued, and that the order as signed is, therefore, null and void. On the facts of this case this contention is without merit. The first hearing was held on 26 February 1969 in Lexington and, as appears from the record, defendant was served on 22 February 1969. This notice obviously does not comply with the five-day statutory requirement. However, the record indicates that the court gave opportunity for either party to be heard the next week and did in fact hold another hearing, more than one week later, on 13 March 1969 in Statesville, North Carolina, which was attended by counsel for defendant. The order was signed on 14 March 1969 by Judge McConnell, the day after the second hearing. The defend-

ant had 14 days' notice, including Saturdays and Sundays, before the second hearing was held and 15 days' notice before the order was signed. In *Barnwell v. Barnwell*, 241 N.C. 565, 85 S.E. 2d 916 (1955), the facts are very similar to the case now before us. The Court in *Barnwell* entered an order on 18 May 1954 requiring defendant to pay subsistence and counsel fees pendente lite. In October it was shown by affidavit that defendant had failed to comply with the order, and an order to show cause why defendant should not be held in contempt was entered. Defendant argued that the order of 18 May was invalid because he had not been given notice. This lack of notice was admitted by plaintiff's counsel. It was also admitted that neither defendant nor his counsel had been present when the order was signed. The judge declined to hold the defendant in contempt but intimated that the plaintiff might make a new motion for temporary subsistence and counsel fees, which plaintiff did. Notice of that motion was reduced to writing, signed by the judge and accepted in writing by the defendant. On 2 December 1954 all the parties, with counsel, appeared before the court pursuant to the new motion. Defendant objected to the hearing on the ground that notice was without authority of law and therefore void. The objection was overruled and defendant excepted. On the facts found, defendant was ordered to pay $25 weekly for support of plaintiff and her infant child and the additional sum of $50 for counsel fees. Defendant excepted and appealed. He argued that the order appealed from was void because it was entered while the previous order of 18 May was in force. The Court in *Barnwell* stated:

"The defendant's position is untenable. The original order was entered in May without notice to the defendant. This was conclusively established by judicial admission of the parties. Therefore the order was void. (Two citations omitted.) Judge Whitmire properly treated it as a nullity upon challenge by the defendant. True, no formal order was made adjudicating that the order was void, but the omission is inconsequential and may be remedied *nunc pro tunc*. It is so ordered. The record stipulates that the latter order was entered after 'due and proper notice' to the defendant. The hearing will be upheld."

The order was affirmed after modification to declare the order of 18 May a nullity.

In the case at bar both defendant and his counsel attended the first hearing. Notice was given at the first hearing of the further opportunity to be heard the next week and, since the record is not clear, it may be inferred from the order that counsel for defendant

was present at the second hearing. The only order entered to this date was signed the day after the second hearing, of which defendant had sufficient notice. The order in question was properly entered. Judge McConnell's notice of a further hearing, and defendant's counsel's subsequent attendance, was more than sufficient notice to enable defendant to present any further evidence he desired.

Defendant's assignment of error No. 3 is addressed to the refusal of the court to hear the testimony of the four minor children, who were tendered by defendant.

**[4]**    Counsel for defendant twice requested the court to hear the testimony of the children and the court refused both times. This was error. The case of *Spears v. Snell,* 74 N.C. 210 (1876), established the right for a child to have his testimony heard. The Supreme Court said:

> "We think the boy was a competent witness, and ought to have been examined in that character. Indeed, we think, being the party mainly concerned, he had a right to make a statement to the court as to his feelings and wishes upon the matter, and that this ought to have been allowed serious consideration by the court, in the exercise of its discretion, as to the person to whose control he was to be subjected."

The *Spears* case was cited with approval in *In Re Gibbons,* 247 N.C. 273, 101 S.E. 2d 16 (1957). In *Gibbons* the Court stated:

> "There is nothing in the findings of fact to indicate that Judge Carr gave any consideration to the wishes of this ten-year old boy as to the person to whose custody he was to be given, though under the facts here the boy, being the party mainly concerned, had ·a right to have his wishes and feelings taken into especial consideration by the judge in awarding his custody. It seems that the learned Judge felt so 'cramped by his opinion that in law' the respondent had a primary right to the custody of the boy, that he overlooked the interest and welfare of the boy. This was error."

These two cases leave no doubt that a child has a right to have his testimony heard. It is still, however, within the discretion of the trial judge as to the weight to be attached to such testimony. 3 Lee, N.C. Family Law (1963), § 224; *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966); *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759 (1955).

**[5]**    Defendant's assignment of error No. 5 questions the court's authority to change the custody of two of the children when de-

fendant was found by the court to be a fit and proper person to have custody and control of the children. Defendant cites no authority for this position. When there has been a finding that both parents are fit and suitable to have custody, the judge's order is conclusive when supported by evidence. See *Wilson v. Wilson*, 261 N.C. 40, 134 S.E. 2d 240 (1964). This assignment of error is overruled.

[6] Defendant's assignment of error No. 6 challenges the amount awarded as counsel fees as excessive. Such an award comes within the discretion of the trial judge and will not be disturbed in the absence of an abuse of discretion. See *Stadiem v. Stadiem*, 230 N.C. 318, 52 S.E. 2d 899 (1949). There is no evidence that plaintiff has any separate estate. There is evidence that she had consulted her attorneys prior to leaving the home. We do not deem the fee beyond the defendant's ability to pay from the evidence presented. We find no abuse of discretion.

[7] By assignment of error No. 7 defendant contends that the amount ordered for maintenance and support was excessive and contrary to the evidence of defendant's ability to pay. This is another area which falls within the sound discretion of the trial judge. This is not a final order. From the evidence, we cannot say that there is abuse of discretion. See *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5 (1968), and cases there cited. This assignment of error is overruled.

[8] Defendant's assignments of error Nos. 9 and 10 question the court's authority to provide for the furnishing of the residence where plaintiff resides and the payment of all debts as of 14 March 1969. There can be no question as to a husband's duty to support his wife. See *Wilson v. Wilson, supra*. The court found as. a fact that the home presently occupied by plaintiff was not completely furnished. Furnishing a house for his wife and children is within the purview of a husband's duty of support. However, we hold that in this case the judge should have fixed a definite dollar amount for the husband to expend for this purpose.

[9] The provision for the payment of debts contemplates payment only to 14 March 1969, the date of the order. This payment is not disassociated from the defendant's duty of support. See generally 2 Lee, N.C. Family Law (1963), Chapter 14, Support and Family Expenses. This assignment of error is overruled.

[10] Although the question is not raised on this appeal, we note that the order does not comply with the provisions of G.S. 50-13.4(e) and G.S. 50-16.7(a). The former requires that "[i]n every case in

which payment for the support of a minor child is ordered and alimony or alimony pendente lite is also ordered, the order shall separately state and identify each allowance.", and the latter requires that "[i]n every case in which either alimony or alimony pendente lite is allowed and provision is also made for support of minor children, the order shall separately state and identify each allowance."

For the reasons herein stated the case is remanded for rehearing in compliance with this opinion.

MALLARD, C.J., and HEDRICK, J., concur.