VICTORIA HILDERBRAN SMART v. BOBBY GERALD SMART

No. 8125DC1365

(Filed 16 November 1982)

**Appeal and Error § 6.2 — temporary order under Domestic Violence Act not immediately appealable**

A temporary order entered pursuant to provisions of the Domestic Violence Act, G.S. 50B-2(b) and (c), granting plaintiff emergency relief and temporary child custody pending a hearing did not affect any substantial right of the defendant which could not be protected by timely appeal from the trial court's ultimate disposition of the controversy on the merits and thus was not immediately appealable. G.S. 1-277; G.S. 7A-27.

APPEAL by defendant from *Noble, Judge.* Order entered 3 June 1981 in District Court, CATAWBA County. Heard in the Court of Appeals 20 September 1982.

Plaintiff instituted this action on 3 June 1981, by filing a verified complaint seeking a restraining order, immediate possession of the marital home, alimony, child custody and support and reasonable attorney's fees. Plaintiff alleged, *inter alia*, that she is in fear for her own safety and that of the minor children unless defendant is restrained; that without provocation, defendant endangered the life of plaintiff and assaulted plaintiff in May 1981, rendering the conditions in the home intolerable to plaintiff.

On the same day the complaint was filed, Judge Noble entered an order granting plaintiff emergency relief and the entry of a temporary custody order pending a hearing. The order *inter alia* directed that (1) plaintiff have immediate custody of the minor children; (2) defendant be immediately restrained from assaulting plaintiff; (3) plaintiff have exclusive use of the marital home; and (4) defendant remove his personal effects from the home and turn over his keys to a law enforcement officer within one hour after service of the order upon him. The order further directed defendant to appear and show cause why pendente lite relief should not be granted to plaintiff at a hearing set for 11 June 1981. From entry of this order, defendant appeals.

*Rudisill & Brackett, P.A., by J. Richardson Rudisill, Jr. and James B. Trapp, Jr., for defendant appellant.*

*Randy D. Duncan, for plaintiff appellee.*

JOHNSON, Judge.

In his brief, defendant contends (1) that the order is appealable under G.S. 1-277 and G.S. 7A-27(d); (2) that the order is not supported by competent evidence; and (3) that the Domestic Violence Act, G.S. Chap. 50B is unconstitutional per se and as applied to the defendant.

We need to address only defendant's first contention which we find to be dispositive of this appeal.

Defendant has attempted to appeal from an order entered pursuant to the Domestic Violence Act, G.S. 50B. Defendant argues that the order affects substantial rights of his which will be lost if the order is not reviewed before final judgment.

G.S. 1-277 and G.S. 7A-27, taken together, provide that no appeal will lie to an appellate court from an interlocutory order or

ruling of a trial court unless such order or ruling deprives the appellant of a *substantial* right which he will lose if the order or ruling is not reviewed before final judgment. *Clark v. Clark*, 42 N.C. App. 84, 255 S.E. 2d 568 (1979); *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). As this Court recently stated, "the avoidance of deprivation due to delay is one of the purposes for the rule that interlocutory orders are not immediately appealable." *Stephenson v. Stephenson*, 55 N.C. App. 250, 251, 285 S.E. 2d 281 (1981).

The order defendant here appeals from is interlocutory. An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to final decree. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *Green v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82 (1961). It is clear that Judge Noble's order does not determine the issues involved but, in compliance with G.S. 50B-2 (b) and (c), sets a hearing date for further proceedings preliminary to a final decree.[1]

The word "substantial" is defined as "of real worth and importance; of considerable value, valuable." Blacks Law Dictionary, 4th Ed. (1968). A *right* is substantial only where appellant would lose it if the ruling or order is not reviewed before final judgment. *Funderburk v. Justice, supra.*

Defendant relies upon *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969) and *Peeler v. Peeler*, 7 N.C. App. 456, 172 S.E. 2d 915 (1970). *Kearns* involved a temporary order awarding alimony pendente lite, child custody, counsel fees, and the possession of certain properties. *Peeler* involved alimony pendente lite and counsel fees. In both *Kearns* and *Peeler* this Court held that the temporary orders affected substantial rights and were, therefore, immediately appealable.

However, defendant's reliance is misplaced as this Court expressly overruled *Peeler* and other prior decisions recognizing a

---

1. G.S. 50B-2(b). A party may move the court for emergency relief if he or she believes there is a danger of serious and immediate injury to himself or herself. A hearing shall be held within 10 days of the filing of the motion. Prior to the hearing and upon a finding of good cause, the court shall enter such temporary orders as it deems necessary to protect the victim or minor children from acts of domestic violence. Immediate and present danger of such acts against the victim or minor children shall constitute good cause.

Smart v. Smart

right of appeal from orders pendente lite in *Stephenson v. Stephenson, supra.*

The trial court in *Stephenson* entered an order for alimony pendente lite, child support, and attorney's fees. The defendant appealed. In dismissing defendant's appeal, this Court stated:

> "In consideration of fairness to the parties and as a matter of public policy, this Court now overrules *Peeler v. Peeler, supra,* and other prior decisions recognizing a right of immediate appeal from orders and awards pendente lite. We hold, therefore, that orders and awards pendente lite are interlocutory decrees which necessarily do not affect a substantial right from which lies an immediate appeal pursuant to G.S. 7A-27(d)."

55 N.C. App. at 252, 285 S.E. 2d at 282.

Judge Noble's order complies with the provisions of G.S. 50B-2(b) and (c). We hold that the order is interlocutory and the immediate temporary emergency relief granted by the order does not affect any substantial right of the defendant which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits.

Defendant's appeal of this matter was premature. Counsel for defendant conceded during oral argument before this Court that the matters between the parties have been heard in the trial court. The appeal is, therefore, moot.

For reasons stated herein, the appeal is hereby

Dismissed.

Chief Judge MORRIS and Judge BECTON concur.