ROBERT E. DIXON, JR. v. ROSALIE PATRICK DIXON

No. 8210DC727

(Filed 21 June 1983)

**Appeal and Error § 6.2; Injunctions § 3— mandatory injunction—preserving status quo—premature appeal**

Defendant could not appeal from a mandatory injunction ordering defendant to return property to plaintiff's residence pending final disposition of plaintiff's action for divorce and equitable distribution of marital property since the injunction was intended to maintain the status quo and since defendant had not shown that her "substantial rights were affected." G.S. 50-20(i), G.S. 1-277, and G.S. 7A-27.

APPEAL by defendant from *Cashwell, Judge.* Order entered 29 March 1982 in WAKE County District Court. Heard in the Court of Appeals 12 May 1983.

Plaintiff's action is for divorce and equitable distribution of marital property. On plaintiff's motion for a preliminary injunction, the trial judge found that defendant had removed certain items of personal property owned by the parties individually or jointly from the home of plaintiff, the former marital home. Upon concluding that it was necessary to prevent irreparable loss or damage, the trial judge issued a mandatory injunction ordering defendant to return the property to plaintiff's residence pending final disposition of plaintiff's action. The trial judge further ordered that neither party damage, sell, move, mortgage or in any other way harm any personal property that is or may be involved in the lawsuit, and also ordered that plaintiff post a $500.00 security bond. From this order, defendant appealed.

*Johnson, Gamble & Shearon, by George G. Hearn, for plaintiff-appellee.*

*Hunter, Wharton & Howell, by V. Lane Wharton, Jr., for defendant-appellant.*

WELLS, Judge.

For defendant to have a right of appeal from a mandatory preliminary injunction, "substantial rights" of the appellant must be adversely affected. G.S. 1-277 and G.S. 7A-27. Otherwise, an appeal from such an interlocutory order is subject to being dis-

missed. *State v. Fayetteville Street Christian School*, 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980); *Smart v. Smart*, 59 N.C. App. 533, 297 S.E. 2d 135 (1982). Generally, a right is "substantial" only if it would be lost if the ruling or order is not reviewed before final judgment. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, --- S.E. 2d --- (filed 31 May 1983); *Smart v. Smart, supra*. G.S. 50-20(i) provides that a party to an equitable distribution action may seek an injunction pursuant to G.S. 1A-1, Rule 65 and Chapter 1, Article 37. The decision as to whether to grant such an injunction for the purpose of preserving the *status quo* pending trial is left to the discretion of the trial judge, *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975), and generally no appeal lies from the issuance of such an injunction, *Bridges v. Bridges*, 29 N.C. App. 209, 223 S.E. 2d 845 (1976).

The injunction issued in the present case was obviously intended to maintain the *status quo*. The order affects both plaintiff and defendant, and plaintiff, who received possession of the property, was ordered to post a bond to protect defendant. Defendant has not shown that her "substantial rights" are affected, that her recourse on the bond posted by plaintiff will be inadequate or that the trial judge abused his discretion in issuing his injunction. Piecemeal adjudication and unnecessary delay in proceedings like the present one serve to delay and frustrate the effective administration of justice. *See Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E. 2d 281 (1981). This appeal is

Dismissed.

Judges BECTON and EAGLES concur.