THE T'AI COMPANY v. MARKET SQUARE LIMITED PARTNERSHIP, PAT WALTERS AND ALBERT HAKIMIAN

No. 8818SC337

(Filed 6 December 1988)

**Appeal and Error § 6.2 — appeal from summary judgment order — claims not determined — appeal from interlocutory order not affecting substantial right**

    In an action for breach of contract, wrongful interference with contract, fraud, conversion, and unfair trade practices where defendants counterclaimed for attorney's fees pursuant to N.C.G.S. § 6-21.5 and N.C.G.S. § 75-16.1(2) alleging plaintiff's claims were frivolous, malicious, and without merit, the trial court's entry of summary judgment for defendants on plaintiff's claim was not appealable before the counterclaim for attorney's fees had been adjudicated, since the summary judgment order was interlocutory and did not affect a substantial right. N.C.G.S. §§ 1-277(a), 7A-27(d).

APPEAL by plaintiff from *Rousseau (Julius A.), Judge.* Judgment entered 30 November 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 October 1988.

    *Stern, Graham & Klepfer, by James W. Miles, Jr., for plaintiff-appellant.*

    *Wyatt, Early, Harris, Wheeler & Hauser, by Frank B. Wyatt and James R. Hundley, for defendant-appellees.*

GREENE, Judge.

Plaintiff sued defendants for compensatory and punitive damages alleging breach of contract, wrongful interference with contract, fraud, conversion and unfair trade practices. Defendants, Market Square Limited Partnership and Pat Walters, denied these claims and counterclaimed for attorney's fees pursuant to N.C.G.S. Sec. 6-21.5 (1986) and N.C.G.S. Sec. 75-16.1(2) (1985) alleging plaintiff's claims were frivolous, malicious, and without merit.

Default was entered against defendant, Albert Hakimian, as he had failed to plead in response to the complaint. In response to a motion filed by defendants, Market Square Limited Partnership and Pat Walters, the trial court granted summary judgment in favor of defendants and dismissed the complaint. Plaintiff appeals.

The sole issue before this court is whether summary judgment on the complaint is appealable before the counterclaim for attorney's fees has been adjudicated by the trial court.

North Carolina General Statute Section 7A-27(d) provides for appeal from an interlocutory order or judgment when the action or proceeding "(1) Affects a substantial right, or (2) In effect determines the action and prevents a judgment from which appeal might be taken, or (3) Discontinues the action, or (4) Grants or refuses a new trial . . . ." N.C.G.S. Sec. 7A-27(d) (1986). *Compare* Section 7A-27(d) *with* Section 1-277(a) (1983) (allowing appeal of *any* order or determination meeting identical four criteria of Section 7A-27(d)). As it is clear that Sections (2), (3), and (4), are not here applicable, we need only determine if the interlocutory order involved "affects a substantial right." "With respect to those interlocutory orders which allegedly do affect a substantial right, our Supreme Court has additionally long required that the interlocutory 'ruling or order deprive . . . the appellant of a substantial right *which he would lose if the ruling or order is not reviewed before final judgment.*'" *J. & B. Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5, 362 S.E. 2d 812, 815 (1987) (quoting *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E. 2d 338, 343 (1978)). An interlocutory order is one "made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Slurry*, 88 N.C. App. at 4, 362 S.E. 2d at 814-15 (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 337, 381, *reh'g denied*, 232 N.C. 744, 59 S.E. 2d 429 (1950)). Here, as the counterclaim for attorney's fees has not been adjudicated by the trial court, the summary judgment on the complaint is interlocutory.

An interlocutory order "affects a substantial right" so that it is appealable under N.C.G.S. Sec. 1-277(a) and N.C.G.S. Sec. 7A-27(d)(1) if the right affected is "substantial" and the right will

"be lost, prejudiced, or be less than adequately protected" if the order is not reviewed before final judgment. *Slurry*, 88 N.C. App. at 5, 362 S.E. 2d at 815. *See Waters*, 294 N.C. at 207, 240 S.E. 2d at 343.

The "substantial right" most often addressed is the right to avoid two separate trials on the same issues. *See Slurry*, 88 N.C. App. at 7, 362 S.E. 2d at 816 (the possibility of undergoing a second trial affects a substantial right only when the *same* issues are present in both trials); *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E. 2d 593, 596 (1982) (possibility of second trial affects substantial right if presence of same "issue" in second trial creates possibility party will be prejudiced by different juries rendering inconsistent verdicts on same issue); *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E. 2d 405, 408-09 (1982) (where summary judgment allowed for fewer than all defendants, order was appealable since possibility of inconsistent verdict in other trials on same issue affected substantial right). Avoiding two separate trials on the same issues is "a substantial right" because of the possibility of inconsistent verdicts in the two proceedings. *Slurry*, 88 N.C. App. at 9, 362 S.E. 2d at 817. However, "there is ordinarily no possibility of inconsistent verdicts or other lasting prejudice where trial of defendant's counterclaim before appeal will not determine any issues controlling the potential trial of plaintiff's claims after appeal." *Slurry*, 88 N.C. App. at 8, 362 S.E. 2d at 817. Here, the disposition of the issue raised in the counterclaim is for the trial judge, not the jury, and recovery is permitted on the counterclaim only if defendants prevail as to plaintiff's complaint. N.C.G.S. Sec. 75-16.1(2) (if party instituting the complaint "knew, or should have known, the action was frivolous and malicious," the trial judge may allow a reasonable attorney fee to the attorney representing the prevailing party); N.C.G.S. Sec. 6-21.5 (upon motion of prevailing party, the court may award a reasonable attorney's fee to the prevailing party if there was a "complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading"). There is no possibility of inconsistent results in the complaint and counterclaim because an award for this counterclaim can only be granted if the defendants are the prevailing parties in the plaintiff's action. Therefore, as the parties have not addressed any other substantial right which might be affected, we conclude that no substantial right is in-

volved which will be "lost, prejudiced, or less than adequately protected" if we do not review this appeal before final judgment. This is consistent with the purpose behind the statutes governing appellate procedure which is to "prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters*, 294 N.C. at 207, 240 S.E. 2d at 343.

Accordingly, the plaintiff's exception to the entry of the summary judgment on the complaint adequately and without prejudice preserves its appeal which can be perfected after the trial court on remand has ruled on the defendant's request for attorney's fees as asserted in the counterclaim.

Appeal dismissed.

Judges ORR and SMITH concur.