ANGELIA H. HUNTER, PLAINTIFF v. JOHNNIE M. HUNTER, DEFENDANT

No. COA96-1141

(Filed 1 July 1997)

**Appeal and Error § 105 (NCI4th)— interim equitable distribution order—appeal interlocutory**

An appeal from an interim equitable distribution order distributing insurance proceeds from the death of a child was dismissed as interlocutory where plaintiff did not address the appealability of the interim order and thus failed to meet her burden of showing that the appeal has been properly taken. Similar interim orders in the domestic context have been recognized as not immediately appealable, and permitting an immediate appeal from an interim equitable distribution order would be contrary to the policy of North Carolina discouraging fragmentary appeals.

**HUNTER v. HUNTER**

[126 N.C. App. 705 (1997)]

Plaintiff's rights will be adequately protected by an appeal timely taken from the final equitable distribution judgment.

**Am Jur 2d, Appellate Review §§ 194 et seq.**

Appeal by plaintiff from order entered 24 July 1996 by Judge Spencer B. Ennis in Alamance County District Court. Heard in the Court of Appeals 19 May 1997.

*David I. Smith for plaintiff appellant.*

*David R. Huffman for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from an interim equitable distribution order. The threshold issue presented by this appeal is whether the interim order is immediately appealable. We conclude that it is not and dismiss the appeal.

On 4 December 1995, plaintiff filed a complaint seeking a divorce from bed and board, custody of the parties' minor child, child support, alimony, an equitable distribution of the marital property, and an order requiring defendant to pay the marital debts and maintain insurance coverage on plaintiff and the minor child. In his answer and counterclaim, defendant joined in the request for a divorce and equitable distribution and sought joint custody of the minor child, child support, and a temporary restraining order enjoining plaintiff from removing, wasting, converting, or damaging the parties' separate and marital property pending equitable distribution. On 23 February 1996, a consent order was filed granting plaintiff a divorce and resolving the issues of child custody, child support, alimony, and the payment of certain debts pending equitable distribution.

On 5 March 1996, plaintiff filed a motion for an interim equitable distribution order pursuant to N.C. Gen. Stat. § 50-20(i1) (1995). In her motion, plaintiff alleged that the parties acquired during their marriage $37,000 in cash from insurance policies purchased during the marriage on the life of their daughter, Kelly Victoria Hunter, who is now deceased; that the life insurance proceeds are marital property and are in defendant's possession; and that defendant will not turn over to plaintiff her share of the proceeds. Plaintiff requested that the court distribute the life insurance proceeds equally between the parties and also requested that the court appoint an appraiser to appraise the parties' coin collection and real estate. Defendant filed a

reply and countermotion in which he claimed that the insurance pro-
ceeds are his separate property because the insurance policies were
provided by his employer. Defendant requested that the proceeds be
declared his separate property and awarded to him in an interim dis-
tribution order. Defendant joined in the request for the appointment
of an appraiser to appraise the parties' coin collection and real estate.
By interim distribution order filed 24 July 1996, the trial court ruled
that the insurance proceeds are defendant's separate property and
therefore not subject to equitable distribution. Plaintiff appeals.

N.C. Gen. Stat. § 50-20(i1) provides, in pertinent part:

> For good cause shown, including, but not limited to, provid-
> ing for the subsistence of a spouse while an action is pending, the
> Court may, at any time after an action for equitable distribution
> has been filed and prior to the final judgment of equitable distri-
> bution, enter orders declaring what is separate property and
> dividing part of the marital property between the parties. The par-
> tial distribution may provide for a distributive award. Any such
> orders entered shall be taken into consideration at trial and
> proper credit given.

Interim equitable distribution orders are by nature preliminary to
entry of a final equitable distribution judgment and thus are inter-
locutory. *See Veazey v. Durham,* 231 N.C. 357, 57 S.E.2d 377, *reh'g
denied,* 232 N.C. 744, 59 S.E.2d 429 (1950) (explaining that an inter-
locutory ruling is one that does not finally determine the issues pre-
sented but instead leaves the matter for further action by the trial
court). An interlocutory decree is immediately appealable only if per-
mitted by N.C. Gen. Stat. § 1-277 (1996), N.C. Gen. Stat. § 1A-1, Rule
54(b) (1990), or N.C. Gen. Stat. § 7A-27(d) (1995). The only possible
basis on which the present order could be immediately appealable
under any of these statutes is on the ground it affects a substantial
right. *See* N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1). To be immedi-
ately appealable on that basis, plaintiff has the burden of showing
that: (1) the order affects a right that is substantial; and (2) the depri-
vation of that substantial right will potentially work injury to plaintiff
if not corrected before appeal from final judgment. *Goldston v.
American Motors Corp.,* 326 N.C. 723, 392 S.E.2d 735 (1990).
Furthermore:

> It is not the duty of this Court to construct arguments for or find
> support for appellant's right to appeal from an interlocutory
> order; instead, the appellant has the burden of showing this Court

that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).

Plaintiff has not addressed the appealability of the interim order here and thus has failed to meet her burden of showing that the appeal has been properly taken. This Court has recognized that similar "interim" orders entered in the domestic context are not immediately appealable. *See, e.g., Dixon v. Dixon*, 62 N.C. App. 744, 303 S.E.2d 606 (1983) (holding that a mandatory injunction entered pursuant to N.C. Gen. Stat. § 50-20(i) ordering one party to return property to the former marital home pending final resolution of the action for divorce and equitable distribution is not immediately appealable); *Smart v. Smart*, 59 N.C. App. 533, 297 S.E.2d 135 (1982) (holding that a temporary order granting emergency relief and temporary child custody under the Domestic Violence Act is not immediately appealable); and *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E.2d 281 (1981) (holding that *pendente lite* orders and awards are not immediately appealable). Moreover, permitting an immediate appeal from an interim equitable distribution order would be contrary to the policy of this state discouraging fragmentary appeals. *See Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978). "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951). In keeping with the policy discouraging fragmentary appeals, we conclude that the present interim order does not affect a substantial right and that plaintiff's rights will be adequately protected by an appeal timely taken from the final equitable distribution judgment.

Appeal dismissed.

Judges MARTIN, John C., and SMITH concur.