HAYES v. HAYES

[139 N.C. App. 831 (2000)]

———————————

SHELIA JONES HAYES, Plaintiff v. JIMMIE LEE HAYES, Defendant

No. COA99-950

(Filed 29 August 2000)

**Appeal and Error— appealability—interlocutory order—dismissal of ex parte domestic violence order**

Plaintiff's appeal from the dismissal of a temporary ex parte domestic violence protective order is dismissed since it is an interlocutory order that does not affect a substantial right and plaintiff's rights will be adequately protected by an appeal timely taken from the final judgment.

Appeal by plaintiff from orders entered 28 April 1999 by Judge J. Larry Senter and 4 May 1999 by Judge Robert R. Blackwell in Warren County District Court. Heard in the Court of Appeals 14 August 2000.

*Wyrick Robbins Yates & Ponton, LLP, by Joseph H. Nanney, Jr., for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

EAGLES, Chief Judge.

This case presents the question of whether the dismissal of an *ex parte* domestic violence order is immediately appealable.

On 18 February 1999, plaintiff Shelia Hayes instituted this action by filing a motion for a domestic violence protective order (DVPO). In her motion, plaintiff alleged that her husband defendant Jimmie Lee Hayes "balled up his fists and advanced on [her] in an angry manner." On the same day, Judge Senter granted the plaintiff an *ex parte* DVPO effective until 24 February 1999. On 24 February, Judge Charles Wilkinson extended the *ex parte* order until 18 March 1999. During the interim on 9 March, plaintiff filed an amended complaint seeking (1) divorce from bed and board; (2) custody of the couple's children; (3) child support; (4) equitable distribution; and (5) postseparation support. Defendant moved to dismiss the amended complaint and motion two days later.

The district court considered the motion again on 22 April 1999. In an order dated 22 April but entered on 28 April, Judge Senter dismissed the *ex parte* order he entered on 18 February 1999. The order states:

> [I]t appearing to the Court that the said Ex Parte Domestic Violence Protective Order was issued in violation of N.C.G.S. § 50B-2(c) in that the pleadings or nothing presented showed that it clearly appeared that there was a danger of acts of Domestic Violence against an aggrieved party, therefore the Temporary Ex Parte Domestic Violence Protective Order should not have been issued and the same is hereby dismissed.

Judge Senter set a hearing for 28 April 1999 to determine whether the plaintiff was entitled to emergency relief under N.C.G.S. § 50B-2(b) (1999). In an order dated 28 April 1999 but entered on 4 May 1999, Judge Robert Blackwell considered this issue. In his order, Judge Blackwell concluded that the 22 April dismissal applied to any emergency relief that the court could order. Accordingly, Judge Blackwell dismissed the motion for emergency relief. Following the dismissal, defendant answered the plaintiff's complaint and motion. Addition-

ally, he alleged several counterclaims against her. Plaintiff appeals from the 28 April and 4 May orders.

Plaintiff is appealing from the vacation of a temporary *ex parte* order and the refusal to grant temporary relief. Because we conclude that plaintiff's appeal is interlocutory we decline to address the merits. An interlocutory order is one that fails to determine all issues and does not fully dispose of the case. *Smart v. Smart*, 59 N.C. App. 533, 535, 297 S.E.2d 135, 137 (1982). Instead, the order here requires further action from the trial court to ultimately determine the controversy. *Hunter v. Hunter*, 126 N.C. App. 705, 707, 486 S.E.2d 244, 245 (1997). Our Courts discourage interlocutory appeals to prevent "fragmentary, premature and unnecessary appeals." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

Here, the trial court's order does not determine any of the issues and only deals with the vacation of a "temporary" order. This Court has noted that an appeal from a temporary domestic violence protective order is interlocutory. *See Smart*, 59 N.C. App. at 535, 297 S.E.2d at 137. Indeed, this Court has consistently looked unfavorably on an appeal from this type of "interim" order in the domestic context. *See e.g. Hunter*, 126 N.C. App. at 707, 486 S.E.2d at 245; *Dixon v. Dixon*, 62 N.C. App. 744, 303 S.E.2d 606 (1983). The trial court's vacation of its order did not involve a dismissal of either party's action. All claims filed by both parties still remain intact and undecided. Therefore, this appeal is interlocutory.

We note that plaintiff has not addressed the appealability of this order. As this Court has previously recognized

> [i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Hunter*, 126 N.C. App. at 707, 486 S.E.2d at 245 (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). This case is best left until the trial court deals with the issues in controversy. In order to maintain the policy of discouraging fragmentary appeals, we conclude that the present appeal does not

**HAYES v. HAYES**

[139 N.C. App. 831 (2000)]

affect a substantial right and that "plaintiff's rights will be adequately protected by an appeal timely taken from the final . . . judgment." *Hunter*, 126 N.C. App. at 708, 486 S.E.2d at 246.

Finally, we want to make clear that our holding here is not a ratification of Judge Blackwell's order or his actions in considering this case. Our decision is limited simply to the procedural aspects of this case. Any other issues may and should be addressed after entry of a final judgment.

Appeal dismissed.

Judges MARTIN and HORTON concur.