MARY ELLISON LITTLE AND ROBERT J. ELLISON, PLAINTIFF v. JACK DOUGLAS STOGNER, INDIVIDUALLY, AND JACK DOUGLAS STOGNER, AS ADMINISTRATOR OF THE ESTATE OF PEGGY W. STOGNER AND JEFFREY W. MALICKSON, TRUSTEE, DEFENDANTS

No. COA99-1406

(Filed 17 October 2000)

**Appeal and Error— appealability—interlocutory order—grant of a preliminary injunction—no substantial right**

Defendant's appeal from a preliminary injunction enjoining defendant from proceeding with a foreclosure by power of sale on the pertinent property until the litigation is resolved is dismissed, because: (1) an order granting or refusing a preliminary

**LITTLE v. STOGNER**

[140 N.C. App. 380 (2000)]

injunction is an interlocutory order; (2) the trial court did not certify the case for appeal; (3) a substantial right is not affected since defendant's right to a power of sale foreclosure still exists even though it has been delayed and must wait for resolution of the litigation; and (4) the trial court adequately protected defendant's right by requiring plaintiffs to post a significant security bond in the amount of $15,000.

Appeal by defendant Jack Douglas Stogner from a preliminary injunction entered 26 July 1999 by Judge Mark E. Klass in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 September 2000.

*Erwin and Bernhardt, P.A., by Fenton T. Erwin, Jr. and Peter F. Morgan, for plaintiff-appellees.*

*Smith Helms Mulliss & Moore, L.L.P., by Thomas D. Myrick and Laura T. Beyer, for defendant-appellant.*

HUNTER, Judge.

Jack Douglas Stogner ("defendant") appeals from a preliminary injunction entered by Judge Mark E. Klass enjoining the foreclosure under a power of sale contained in the deed of trust given by Mary Ellison Little and Robert J. Ellison ("plaintiffs") at the time of their purchase of real estate from defendant. Defendant brings forward several assignments of error. However, we are unable to reach the merits of these arguments as defendant's appeal is not immediately appealable and must be dismissed.

Plaintiffs commenced this action against defendant, individually and as Administrator of the Estate of Peggy W. Stogner, and Jeffrey W. Malickson, trustee, on 31 December 1998, alleging fraud, deception, and breach of an implied warranty arising from the sale of certain real property described as lots fifteen and sixteen of Lake Wylie Recreational Lots, section forty-three in Mecklenburg County, North Carolina. Plaintiffs sought rescission of the contract of sale, deed, promissory note, and deed of trust regarding said property; plaintiffs also prayed for a restraining order enjoining Malickson, trustee, or any successor trustee from initiating foreclosure proceedings on the property during the pendency of the suit.

Originally, the parties entered into an offer to purchase and contract for the property in question, and executed it on 1 June 1998. Defendant conveyed the property to plaintiffs via a general warranty

deed on 3 August 1998, for which plaintiffs paid defendant $75,000.00 in cash and $295,000.00 in the form of a promissory note which was secured by a deed of trust on the property. Believing that a fraud had been perpetrated against them by defendant, plaintiffs stopped making payments on the promissory note. In response, defendant began foreclosure proceedings on the property. On 29 June 1999, plaintiffs filed a motion for a temporary restraining order and preliminary injunction to stop the foreclosure. After a hearing, Superior Court Judge Jesse Caldwell granted the motion for the temporary restraining order on 30 June 1999. Then after a subsequent hearing, Superior Court Judge Mark E. Klass entered a preliminary injunction on 26 July 1999 enjoining defendant from proceeding with the foreclosure on the property during the entire pendency of this action. On 25 August 1999, defendant filed his notice of appeal.

"An order granting or refusing a preliminary injunction is an interlocutory order governed by the requirements of G.S. 1-277." *Gunkel v. Kimbrell*, 29 N.C. App. 586, 589, 225 S.E.2d 127, 129 (1976); *see also Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Here, Judge Mark E. Klass issued a preliminary injunction enjoining defendant from proceeding with a foreclosure by power of sale on the property at issue until the litigation is resolved. Therefore, by its very nature, this preliminary injunction is an interlocutory order.

"Generally, there is no right of immediate appeal from an interlocutory order." *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). There are two methods by which an interlocutory order can be immediately appealed. *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). First, an interlocutory order can be immediately appealed if the order is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-A, Rule 54(b). *Id.* Second, an interlocutory order can be immediately appealed under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Id.* Stated another way, review is allowed "if the right affected is 'substantial' and the right will 'be lost, prejudiced, or be less than adequately protected' if the

order is not reviewed before final judgment." *T'ai Co. v. Market Square Limited Partnership*, 92 N.C. App. 234, 235-36, 373 S.E.2d 885, 886 (1988) (quoting *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987)).

For a defendant "to have a right of appeal from a mandatory preliminary injunction, 'substantial rights' of the appellant must be adversely affected." *Dixon v. Dixon*, 62 N.C. App. 744, 744, 303 S.E.2d 606, 607 (1983). "Otherwise, an appeal from such an interlocutory order is subject to being dismissed." *Id.* at 744-45, 303 S.E.2d at 607. In determining what is a "substantial right," the North Carolina Supreme Court has stated that "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978); *see also Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 334, 299 S.E.2d 777, 780 (1983). "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters*, 294 N.C. at 208, 240 S.E.2d at 343; *see also Blackwelder*, 60 N.C. App. at 334, 299 S.E.2d at 780.

Here, defendant asserts that his statutory right to foreclosure by power of sale is a "substantial right," which is at risk as a result of the preliminary injunction, therefore giving him grounds for an immediate appeal to this Court. Viewing the facts in the light most favorable to the defendant and assuming that defendant's right to foreclosure by power of sale is a "substantial right," defendant's right is by no means " '. . . lost, prejudiced, or . . . less than adequately protected[.]' " *T'ai Co. v. Market Square Limited Partnership*, 92 N.C. App. at 236, 373 S.E.2d at 886 (quoting *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. at 6, 362 S.E.2d at 815). Defendant's right to a power of sale foreclosure still exists, however it has just been delayed and must wait for the resolution of the litigation. Furthermore, the trial court adequately protected defendant's right by requiring plaintiffs to post a significant security bond in the amount of $15,000.00. Therefore this appeal is dismissed because the issuance of the preliminary injunction at issue here is not properly before this Court for review.

Dismissed.

Judges LEWIS and WYNN concur.