LEVINSON, Judge.
Plaintiffs are engaged in the business of providing financing for the purchase of used vehicles in Johnston County, North Carolina. Defendant Kathy Conway was an employee and corporate officer of Smithfield Financial from July 2000 until May 2002. In the spring of 2002, defendant David Lee started Security Credit,which also provides used car financing in Johnston County. In May 2002 Conway resigned from Smithfield Financial and went to work for Security Credit, and in July 2002 she was formally removed from Smithfield Financial's board of directors.
On 15 August 2002 plaintiffs filed suit against defendants, seeking compensatory and punitive damages. Plaintiffs brought claims against all defendants for civil conspiracy and unfair and deceptive trade practices, and brought additional claims against defendant Conway for misappropriation of funds, misappropriation of corporate opportunity, constructive fraud, and breach of fiduciary duty. Defendants each moved for summary judgment. On 3 July 2003 the trial court entered an order for partial summary judgment in favor of defendants. Specifically, the trial court granted summary judgment for all defendants on plaintiffs' claims of civil conspiracy and unfair and deceptive trade practices, and denied Conway's motion for summary judgment on plaintiffs' other claims against her. Plaintiffs appeal.
Plaintiffs argue that the trial court erred by granting partial summary judgment in favor of defendants, on the grounds that there are genuine issues of material fact regarding whether Conway committed certain acts in violation of her fiduciary duties, and whether the other defendants conspired with her to commit these acts. We conclude plaintiffs' appeal is interlocutory and must be dismissed. An order "is either interlocutory or the final determination of the rights of the parties." N.C.G.S. § 1A-1, Rule 54(a) (2003). Interlocutory orders are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999). Interlocutory orders are immediately appealable under two circumstances. "[I]f the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie." N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (citations omitted). Or, an interlocutory order may be immediately appealed if it "affects a substantial right of the appellant that would be lost without immediate review." Embler v. Embler, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001) (citation omitted). This rule is intended to "prevent fragmentary and premature appeals[,]" Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980), and to "'present the whole case for determination in a single appeal from the final judgment.'" Hunter v. Hunter, 126 N.C. App. 705, 708, 486 S.E.2d 244, 245-46 (1997) (quoting Raleigh v. Edwards, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)).
In the instant case, the trial court certified that its order "represents a final judgment on all claims asserted againstdefendants David Lee and Security Credit Corporation and that there is no just reason to delay plaintiffs' appeal." However:
Rule 54(b) certification by the trial court is reviewable by this Court on appeal in the first instance because the trial court's denomination of its decree "a final . . . judgment does not make it so," if it is not such a judgment. Similarly, the trial court's determination that there is no just reason to delay the appeal, while accorded great deference, cannot bind the appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court."
First Atl. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (quoting Industries, Inc. v. Insurance Co., 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979), and Estrada v. Jaques, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984)).
Plaintiffs contend there are genuine issues of fact regarding whether the defendants conspired for defendant Conway to breach her fiduciary duties to plaintiffs. Defendants, on the other hand, assert that Conway did not breach any fiduciary duty owed to plaintiffs, and that there is no evidence of an agreement among defendants to breach Conway's fiduciary duties. The parties thus agree that the central issues in this appeal focus on whether there was any breach, or agreement to breach, Conway's alleged fiduciary duties. As the parties conceded at oral argument, the claims are inextricably intertwined, and the failure of plaintiffs to prove Conway's liability might foreclose the civil conspiracy and unfair and deceptive trade practices claims. Under these circumstances, we conclude the partial summary judgment order is interlocutory,notwithstanding the trial court's attempt to certify it for immediate review.
We also conclude that no substantial right of the parties will be lost by delaying consideration of plaintiffs' appeal until after the trial on the claims brought against Conway. The parties neither argued in their respective briefs, nor articulated at oral argument, the existence of any substantial right that requires immediate review. While plaintiffs suggest the possibility of inconsistent verdicts, they fail to articulate how, on the facts of this case, such a result might obtain. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).
This appeal is
Dismissed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).