Pearson, J.
Since the case of Streator v. Jones, there has been a uniform current of decisions, by which these two principles are established in reference to bills which seek to correct a deed, absolute on its face, into a mortgage or security for a debt: !., It must be alleged, and of course proven, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage; 2, the intention must be established, not merely by proof of declarations, but by proof of facts and circumstances, dehors the deed, inconsistent with the idea of an absolute purchase. Otherwise, titles evidenced by solemn deeds would be, at all times, exposed to the “slippery memory of witnesses.” These principles are fully discussed in Kelly v. Bryan, 6 Ire. Eq. 283, and it is useless to elaborate them again.
The plaintiff has failed in both particulars. He gives no satisfactory account of the fact that the deed is absolute on its face ; and he proves no facts and circumstances dehors the deed, inconsistent with the idea of an absolute purchase. It is true he proves declarations of the defendant, which render it highly probable that there was some understanding between the parties, that the defendant would take back his money and reconvey the negro : but this does not bring the case within the two principles above announced.
It was suggested upon the argument, that as the defendant, at the time the deed was executed, stood towards the plaintiff in the relation of a creditor, whose debt was secured by a deed of trust, the case fell within the rule which prohibits one occupying a confidential relation from dealing with one under his influence, unless he could take the onus of proving that no advantage was obtained, and no undue influence exerted or brought to bear.
The case does not come within that principle. The property was in the hands of a trustee whose duty it was to act as the agent of both the creditor and the debtor, and to see that it brought a fair price, if it became necessary to sell. The trustee, therefore, could not have bought of the debtor, because, as it was his duty to sell, he was not at liberty to buy. Rut the creditor was un *55 der no such disability; for it was not his duty to sell, and there was nothing growing out of the relation in which he stood to the debtor, to prevent him dealing with the debtor, and making a bargain by which, upon the advance of a further sum of money, the deed of trust was cancelled, and an absolute deed executed— and the plaintiff must stand or fall upon his being able to bring the case within the two principles applicable to bills of this land, although it maybe that the fact of there having been a prior deed of trust securing the larger part of the purchase money, would be allowed some weight when only a slight matter was necessary to “ kick the beam.” Kemp v. Earp, 7 Ire. Eq. 170.
Per Curiam. Bill dismissed with costs.