IN THE MATTER OF THE CUSTODY· OF JOHN CHARLES PEAL, JR. AND STACY BRIAN PEAL

No. 8113SC194

(Filed 17 November 1981)

**Divorce and Alimony § 25.10 — modification of child custody—changed circumstances not shown**

　　The trial court's conclusion that there had been a substantial change in circumstances so as to justify a change of custody of a nine-year-old child from its mother to its father was not supported by the court's findings concerning the child's desire to live with his brother, who was in the father's custody, the mother's leaving the child alone after school some 30 to 45 minutes, intemperate acts toward the child by the mother and maternal grandmother, or social activities involving the mother, her boyfriend and the child.

　　Judge CLARK dissenting.

APPEAL by respondent from *Wood, Judge.* Order entered in COLUMBUS County District Court on 12 September 1980. Heard in the Court of Appeals 23 September 1981.

This is a custody matter between divorced parents, in which the father moved for change of custody of Stacy Peal. The mother answered, also moving for a change in custody of John C. Peal, Jr. The trial court awarded custody of both boys to their father. Their mother has appealed from that order.

*Britt & Britt, by E. M. Britt, for respondent-appellant.*

*Williamson, Walton & Williamson, by Benton H. Walton, III, for petitioner-appellee.*

WELLS, Judge.

This appeal involves the question of whether the trial court's findings of fact support his conclusion of law that there has been a material change of circumstances as to Stacy Peal, justifying a change in custody. We hold that the trial court's findings do not support its conclusion of law and reverse.

The factual background leading to the present appeal is substantially as follows. John C. Peal and Nell R. Peal, parents of John, Jr. and Stacy, entered into a separation agreement dated 20 December 1976, in which they agreed that Nell Peal would have primary custody of both children. Problems arose between the parents. A custody order was entered by Judge Wood on 29 July 1977. In that order, Judge Wood found both parents to be fit and proper persons to have custody of the children, but found a substantial change in circumstances sufficient to award primary custody of John, Jr. to his father, petitioner in this appeal. Judge Wood awarded primary custody of Stacy to his mother, respondent in this appeal. The parties were divorced on 20 January 1978. The divorce judgment contains no reference to custody of the children.

In his petition, out of which this appeal grows, John Peal alleged that there had been a substantial change of circumstances as to Stacy, but alleged no factual basis except that Stacy had reached the age of eight. Respondent Nell Peal answered, denying a substantial change as to Stacy, asserting a substantial change

as to John, Jr., and prayed for John, Jr.'s custody during the school year.

Following an extensive hearing at which twenty-one witnesses (including both parents and both children) were heard, Judge Wood entered his order in which he made extensive findings of fact. Those pertinent to our disposition of this appeal are as follows:

3. That at the prior hearing of this action, the minor child, Stacy Brian Peal, did not testify nor express any desire to the Court concerning his preference for custody and residence.

4. That this Motion in the Cause in this matter filed by John Charles Peal was filed by the said John Charles Peal at the express request of the child Stacy Brian Peal who told his father that he wanted to live with him on a permanent basis and he wanted to live with his brother and he desired that his father file this Motion.

5. That in July of 1977 the said Stacy Brian Peal was five years of age and at the time of this hearing he is nine years of age. That the said Stacy Brian Peal does not have a preference as to with whom he desires to live but he has a strong desire to live with his brother, John Charles Peal, Jr. That the said child John Charles Peal, Jr. has a strong desire to live with his father, John Charles Peal and with his brother, Stacy Brian Peal.

. . .

7. That the two minor children have a close relationship but the only significant time that the children now spend together is on weekend visitation.

8. That the said Stacy Brian Peal, at the time of the prior Order was not in school and since the date Order (sic) in 1977 has attended the first and second grades at the Cerro Gordo Elementary School and has attended the third grade and is now attending the fourth grade at the Chadbourn Elementary School. That John Charles Peal, Jr. also attends the Chadbourn School. That the said Stacy Brian Peal is usually left alone after school for approximately thirty to forty-five minutes from the time he gets out of school until his mother gets home from her teaching job at the Cerro Gordo School.

9. That the said Nell R. Peal has left the child, Stacy Brian Peal, with her mother when she is out of town and the mother has on at least one occasion disciplined the child by slapping him in the face.

10. That the said Nell R. Peal advised Stacy Brian Peal that the FBI from Fayetteville would come with fire in their eyes to get him unless he told the Court he wanted to live with her.

11. That on one occasion the said Nell R. Peal and her boyfriend, Jimmy Strickland, and the minor child, Stacy Brian Peal, went to Ocean Isle Beach flounder gigging and spent the night, with the said Stacy Brian Peal sleeping in the van of Jimmy Strickland.

12. That the said Nell R. Peal has also taken the minor child, Stacy Brian Peal, to the home of her boyfriend, Jimmy Strickland, which is not more than ten miles from her home and has spent the night to watch the stars with the said Jimmy Strickland and his mother.

These findings of fact are supported by competent evidence, and are therefore conclusive on appeal. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). The question we must resolve, therefore, is whether these findings support the trial court's judgment. Our appellate courts have consistently held that the person seeking a change in a child custody order bears a heavy burden of showing such a substantial change of circumstances *as will affect the welfare of the child.* The principle was well stated by our Supreme Court in *Shepherd v. Shepherd*, 273 N.C. 71, 159 S.E. 2d 357 (1968):

> A decree of custody is entitled to such stability as would end the vicious litigation so often accompanying such contests, unless it be found that some change of circumstances has occurred affecting the welfare of the child so as to require modification of the order. To hold otherwise would invite constant litigation by a dissatisfied party so as to keep the involved child constantly torn between parents and in a resulting state of turmoil and insecurity. This in itself would destroy the paramount aim of the court, that is, that the welfare of the child be promoted and subserved.

*Accord Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975). *See also Daniels v. Hatcher,* 46 N.C. App. 481, 265 S.E. 2d 429 (1980), *disc. rev. denied,* 301 N.C. 87, --- S.E. 2d --- (1980). *Pritchard v. Pritchard,* 45 N.C. App. 189, 262 S.E. 2d 836 (1980).

Findings of fact set out in paragraphs 3, 4, 5, and 7 relate to Stacy's preference as to where he lives. These findings indicate that Stacy has no preference, but has expressed his desire to live with his father and brother. We note here that the evidence shows that Stacy also expressed his desire to live with his mother. While our appellate courts have held that preferences of children should be given consideration by the trial court in custody proceedings, *Kearns v. Kearns,* 6 N.C. App. 319, 170 S.E. 2d 132 (1969) (and cases discussed and cited therein), such a preference is only one factor for the court's consideration. While being of considerable weight, such an expressed preference is not sufficient alone to justify a change of custody. Certainly the findings in this case do not suggest that Stacy's welfare is being adversely affected by his inability to live with either parent or with his brother. Unfortunate though it may be that these two brothers living so close to each other cannot live together in the same household, we cannot agree that these findings of fact support the trial court's judgment.

The findings contained in paragraph 8 reflect no circumstances which taken alone show such a change in Stacy's circumstances as would endanger or threaten his welfare. Chadbourn is a small city in North Carolina, where a healthy ten year old boy should be reasonably secure while left alone for thirty to forty-five minutes in his own home in the afternoon. These findings do not support the trial court's judgment.

The findings in paragraphs 9 and 10 reflect intemperate acts on the part of Stacy's mother and maternal grandmother, but do not give rise to a reasonable conclusion that his welfare was adversely affected by these acts. These findings do not support the trial court's judgment.

The findings in paragraphs 11 and 12 relate to social activities on the part of Stacy's mother which show no adverse impact on Stacy's welfare. They do not support the trial court's judgment.

In re Peal

For the reasons we have stated, the judgment of the trial court must be and is

Reversed.

Chief Judge MORRIS concurs.

Judge CLARK dissents.

CLARK, Judge, dissenting.

Judge Wood, Chief District Judge of the Thirteenth Judicial District, presided over this custody trial; and after hearing and seeing twenty-one witnesses over a period of two days, ordered that the custody of Stacy Peal, aged 9, be changed from the mother to the father, and that the father retain custody of Stacy's older brother, John Charles. Judge Wood had also presided over the original custody trial between the parents in July 1977.

This court must indulge a presumption in favor of the validity of Judge Wood's custody order. It is a well-established principle that the trial judge's findings of fact in custody orders are binding on the trial courts if supported by competent evidence. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974); *King v. Allen*, 25 N.C. App. 90, 212 S.E. 2d 396, *cert. denied,* 287 N.C. 259, 214 S.E. 2d 431 (1975). Judge Wood made findings of fact. In my opinion the findings of fact clearly establish that the trial judge considered and found several substantial factors which had changed since the 1977 hearing, including the following:

1. *Preference of the child.* The court found that Stacy preferred to stay with his father. This is entitled to considerable weight, particularly so in this case because Stacy wanted to be with both his father and older brother. The court found that the father's motion for custody was based on Stacy's preference. The majority points out that at his second appearance as a witness Stacy testified that he preferred to stay with his mother. It should also be noted that in this appearance Stacy also testified that his mother told him the F.B.I. from Fayetteville would come and get him with fire in their eyes if he did not want to live with her. The trial court's finding of preference is supported by the evidence and is binding on this Court.

---

---

2. *Increase in age.* The original custody trial, when custody was awarded by Judge Wood to the mother, was in 1977 when Stacy was five years old. At that time Stacy was not attending school. At the time of this hearing he was in the fourth grade. The trial court obviously recognized that these were critical years in the young boy's life with significant changes in his biological and intellectual horizons. It is also significant that in this order Judge Wood found that at the 1977 trial it was his opinion that the father should have custody of both boys except for Stacy's tender age.

The majority opinion also recognizes findings of intemperate acts by the mother and grandmother and social activities by the mother with her boyfriend, but these findings are discounted in the majority opinion with the observation that they did not adversely affect Stacy. These and other findings of fact were determined to relate to the welfare of the child and were obviously considered by the trial judge in adjudging the child's best interest.

It is noted that the trial court denied the mother's motion to stay its custody order. The mother has not moved in this Court for a stay or supersedeas. I assume, therefore, that Stacy has been in the custody of his father since the order was entered on 7 October 1980. The majority opinion results in the immediate return of Stacy, after a year with his father and older brother, to his mother under custodial circumstances not now known to the Court.

In child custody cases when the trial judge has heard and seen the witnesses, the contesting parents, and the child, and has awarded custody which he finds is in the best interest of the child, it is particularly important that the appellate courts recognize the presumption of validity and avoid any semblance of judicial imperialism.