SHARON LYNN WOLFE, PLAINTIFF v. RONALD CHARLES WOLFE, DEFENDANT v. JAMES THOMAS SUGG, II, ADDITIONAL PARTY DEFENDANT

No. 8220DC1096

(Filed 4 October 1983)

1. **Rules of Civil Procedure § 14— additional party defendant in custody action improper**

   The trial court in a child custody action erred in making the person with whom plaintiff was living an additional party defendant since he was not liable to defendant for all or part of plaintiff's claims against him. G.S. 1A-1, Rule 14(a).

2. **Divorce and Alimony § 24.9— insufficient findings to justify child support order**

   Where the trial court made no findings concerning the relative abilities of the defendant and plaintiff to pay child support, the order awarding child support must be reversed.

3. **Divorce and Alimony § 25— custodial agreement after custody order—improper**

   Husband and wife could not enter into a temporary order concerning child custody and, by agreement, override an order of a trial judge concerning

custody without a proper showing of substantial changed circumstances. To sanction such an agreement would undermine the statutory policy promoting custodial stability for children, and would allow one district judge improperly to overrule a prior custody order of another district court judge.

**4. Divorce and Alimony § 25.10— child custody—failure to show changed circumstances**

In a child custody action, plaintiff failed to show a substantial change of circumstances affecting the welfare of the children had occurred since the original custody order granting custody to defendant where the trial court found that plaintiff had removed the children from the State in violation of a former custody order, that plaintiff was living in an adulterous relationship, that the party with whom she was living had a history of alcohol and drug abuse, and that the person with whom she was living had attempted to demean and deride the defendant in front of the children.

**5. Divorce and Alimony § 25.3— child custody—consideration of child's preferences**

The record clearly showed that a trial court in a child custody case permitted both children to testify concerning custody; however, the court was not bound by this testimony and could assign what weight it chose to the children's stated preferences.

**6. Divorce and Alimony § 25.12; Mortgages and Deeds of Trust § 21— bonds secured by interest in marital home—no ability to foreclose**

An order which provided that should plaintiff fail to comply with visitation conditions, a bond would be forfeited and foreclosures would be instituted without notice or hearing was error since North Carolina statutes provide for two means by which foreclosure proceedings may be brought against real property and those means are exclusive. G.S. 1-339.1 through 1-339.40 and G.S. 45-21.1 through 21.45.

**7. Divorce and Alimony § 23— inability of judge to retain exclusive jurisdiction over custody case**

Although the court which first obtains jurisdiction and enters an order concerning child custody or support is the only proper court in which to bring an action for modification of custody or support, an individual judge may not retain exclusive jurisdiction over a case, and the trial judge erred in attempting to do so.

APPEAL by plaintiff and additional party defendant from *Honeycutt, Judge.* Order entered 28 June 1982 in RICHMOND County District Court. Heard in the Court of Appeals 1 September 1983.

Plaintiff-wife and defendant-husband separated in November, 1980, after more than 10 years of marriage. Plaintiff moved into a nearby apartment with additional party defendant James Thomas

Sugg, II, retaining custody of the two minor children of the marriage.

Soon thereafter, plaintiff filed suit seeking, among other relief, divorce from defendant and custody of the children. A hearing was held before Judge Burris in Richmond County District Court on 8 December 1980, in which custody of both children was awarded to defendant. Plaintiff was represented by counsel but was not personally present. A second hearing was held before Judge Honeycutt on 5 January 1981. The trial court ordered the family home sequestered for the use of defendant and the children, ordered plaintiff to pay $200.00 per month in child support, and divided certain items of marital property.

Despite entry of the custody order of December, 1980, plaintiff failed to surrender custody of the children to defendant until December 1981. During at least part of the intervening twelve months, plaintiff lived in Florida and Virginia with the children and Sugg. In December, 1981, plaintiff and defendant reached an agreement, approved by Judge Honeycutt. According to the terms of the agreement, plaintiff delivered custody of the children to defendant, but the prior orders of Judges Honeycutt and Burris concerning sequestration of the marital home, division of property and child support, were suspended pending a hearing in May, 1982. The parties and Judge Honeycutt agreed that the issue of custody would be considered *de novo* in the May hearing, without requiring proof of substantial changed circumstances to modify placement of the children with defendant.

The case was heard May 11 - 13 by Judge Honeycutt, without a jury. In his order, Judge Honeycutt awarded custody of both children to defendant, ordered plaintiff to pay $300.00 per month in child support, sequestered the family home for use by defendant and the children; made provision for division of some marital property; ordered visitation by plaintiff on each Tuesday and alternate weekends, on the condition that plaintiff post a $3000.00 bond, secured by her interest in the marital home, and ordered that failure to comply with terms of the visitation order would result in forfeiture of the bond, without notice or hearing. Judge Honeycutt joined Sugg as an additional party defendant, ordered plaintiff to prevent Sugg from having any contact whatsoever with the children during visitation, and enjoined Sugg from seeing or speaking with the children at any time.

---

**Wolfe v. Wolfe**

---

From this order, plaintiff and additional party defendant Sugg appealed.

*Henry T. Drake for plaintiff and additional party defendant.*

*Leath, Bynum, Kitchin & Neal, P.A., by Henry L. Kitchin, for defendant.*

WELLS, Judge.

[1] Plaintiff and additional party defendant Sugg assign as error the trial court's order joining Sugg as a party to the action below. Sugg was purportedly brought into the suit pursuant to the motion of defendant. Under G.S. 1A-1, Rule 14 of the Rules of Civil Procedure, a defendant may bring in an additional party who "is or may be liable to (defendant) for all or part of the plaintiff's claims against him." Rule 14(a). Clearly, Sugg could not possibly be liable to defendant for any of plaintiff's claims against defendant for child custody or child support. The trial court erred in making Sugg a party and was without power to enter orders concerning Sugg.

[2] Plaintiff also assigns as error the failure of the trial court to find sufficient facts to award child support or sequester the family home for defendant and the children. Plaintiff fails to include arguments in her brief supporting her assignment of error concerning sequestration of the home, and therefore this argument is not preserved on appeal. Rule 28(b)(5) of the Rules of Appellate Procedure. We agree, however, with plaintiff that the trial court erred in awarding child support to defendant. Before awarding child support, a trial court must consider the "reasonable needs of the child and . . . relative ability of the parties to provide that amount . . . [and] estates, earnings, conditions, [and] accustomed standard of living." *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). [Citations omitted.] G.S. 50-13.4(b) (1976 and 1981 Supp.). The trial court below made no findings concerning the relative abilities of the defendant and plaintiff to pay child support and this requires that the support portion of the order be reversed.

Plaintiff also asserts two errors related to the trial judge's award of custody of the children to defendant. Plaintiff argues there were insufficient facts to support the judge's conclusion that the best interests of the children would be served by placing

custody with defendant, and further argues the trial court erred in failing to find as a fact that both children preferred to live with plaintiff.

[3] In the case at bar, Judge Burris entered an order in December, 1980, concluding the best interest of the children would be met by placing custody of the children with defendant. Plaintiff therefore had the burden of showing a substantial change of circumstances affecting the welfare of the children, to warrant changing custody. *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429 (1980); *Wachacha v. Wachacha*, 38 N.C. App. 504, 248 S.E. 2d 375 (1978). *See also* 3 Lee, North Carolina Family Law § 226 (1981) and cases cited therein.

Both plaintiff and defendant argue, however, that they agreed in December, 1981, that *temporary* custody of the children would be placed with defendant, pending a "full" hearing in May, 1982, and that permanent custody would be awarded based on a "best interests of the child" standard. This agreement was apparently approved by Judge Honeycutt. Similar agreements have been recognized by our courts in the past. *See e.g., Clark v. Clark*, 23 N.C. App. 589, 209 S.E. 2d 545 (1974). In *Clark* the Court held that where a temporary custody order is entered pending trial on the merits, and both parents agree that custody at trial will be awarded without requiring the noncustodial parent to show a substantial change of circumstances since the temporary custody award, the parties will be bound by their agreement. Plaintiff and defendant argue that they made such an agreement and, therefore, no showing of substantial changed circumstances was required in the May, 1982 hearing. We hold, however, that the case at bar is distinguishable from *Clark*, and that plaintiff was therefore required to prove a substantial change of circumstances in order to win custody of her children. Unlike the facts in *Clark*, there was no indication that the December, 1980 custody award was meant to be temporary, or that a later hearing on the subject would be held. Plaintiff and defendant may not, by agreement a year later, override the order of Judge Burris without a proper showing of substantial changed circumstances. To sanction such an agreement would undermine the statutory policy promoting custodial stability for children, and would allow one district court judge improperly to overrule a prior custody order of another district court judge.

[4]   Plaintiff failed to show a substantial change of circumstances affecting the welfare of the children had occurred since December, 1980. If anything, the evidence presented at the May, 1982 hearing, presented additional evidence supporting the original award of custody with defendant. The trial court found that plaintiff had removed the children from the state in violation of Judge Burris' order, that plaintiff was living in an adulterous relationship with additional party defendant Sugg, that Sugg had a history of alcohol and drug abuse, and that Sugg had attempted to demean and deride the defendant in front of the children. "The findings of fact made by the trial judge, like a jury verdict, conclude the parties and are binding on (appellate courts) when supported by competent evidence received at a properly constituted hearing." 3 Lee, § 224, *supra, citing Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918 (1954). Plaintiff, on the other hand, failed to present evidence of a substantial change of circumstances which would support changing custody of the children from defendant to plaintiff.

[5]   Plaintiff also assigns as error that the trial court failed to find facts concerning the minor children's preferences concerning custody. When minor children reach the "age of discretion" courts should permit the child to testify in a proceeding to determine the child's custody. In re Peal, 54 N.C. App. 564, 284 S.E. 2d 347, *rev'd on other grounds,* 305 N.C. 640, 290 S.E. 2d 664 (1981), *Kearns v. Kearns,* 6 N.C. App. 319, 170 S.E. 2d 132 (1969), *overruled on other grounds,* 55 N.C. App. 250, 285 S.E. 2d 281 (1981). The record clearly shows that the trial court in the case before us permitted both children to testify concerning custody. The trial court was not bound by this testimony, however, and could assign what weight it chose to the children's stated preferences. *Id.* Furthermore, it is well established that a court's failure to find facts as to a child's preference concerning custody is not grounds for reversing an award of custody. *Brooks v. Brooks,* 12 N.C. App. 626, 184 S.E. 2d 417 (1971), *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966). *See also* 5 N.C. Index 3d, *Divorce and Alimony,* § 25.3 (1977 and 1983 Supp.) and cases cited therein. This assignment of error is overruled.

[6]   Plaintiff next argues the trial judge erred in ordering plaintiff to post a $3000.00 bond secured by plaintiff's interest in the marital home. The order provided that should plaintiff fail to com-

ply with visitation conditions, the bond would be forfeited and foreclosure proceedings would be instituted without notice or hearing. This was error. North Carolina statutes provided for two means by which foreclosure proceedings may be brought against real property. Foreclosure may be by judicial sale pursuant to G.S. 1-339.1 through 1-339.40, or, if expressly provided in the deed or mortgage, by power of sale under G.S. 45-21.1 through 21.45. These statutes provide the exclusive means for foreclosure in North Carolina and it was error for the trial court to provide for foreclosure in any other manner. *See generally* Webster, Real Estate Law in North Carolina, §§ 280, 281 (1981 Hetrick Ed.), and note, "Real Property — Changes in North Carolina's Foreclosure Law," 54 N.C.L. Rev. 903 (1976).

[7] Plaintiff next assigns as error that Judge Honeycutt purported to retain exlcusive jurisdiction over the case. It is well established in North Carolina that the court which first obtains jurisdiction and enters an order concerning child custody or support is the only proper court in which to bring an action for modification of custody or support. *Tate v. Tate*, 9 N.C. App. 681, 177 S.E. 2d 455 (1970), *citing Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). *See also* 3 Lee, §§ 222, 226, *supra*. Thus, once jurisdiction attaches in the district court of one county, a parent may not attempt to bring a modification action in the district court of another county. *Tate v. Tate, supra*. The rule does not mean, however, that a particular, individual *judge* may retain exclusive jurisdiction over a case. Indeed, such a rule would be highly impractical given North Carolina's practice of rotation of judges. While we agree that Judge Honeycutt erred in attempting to maintain exclusive jurisdiction, we fail to see how plaintiff has been harmed in any way by his *action*, and thus we hold no relief is necessary.

Plaintiff's final assignment of error alleges there was insufficient evidence to support many of the trial judge's findings of fact. We have given careful consideration to plaintiff's arguments and find they are without merit, or are non-prejudicial, or have been dealt with in the foregoing discussion of plaintiff's other assignments of error.

The trial court's orders joining Sugg as an additional party, providing for foreclosure of plaintiff's property interests in the

marital home, requiring payment of $300.00 per month in child support and retention of exclusive jurisdiction are

Reversed.

As to the trial court's award of custody of the children to defendant, and sequestration of the marital home,

Affirmed.

Judges ARNOLD and BECTON concur.