VERNON WAYNE DAVIS, Plaintiff,
v.
WINDY BARR, Defendant.
No. COA08-775
Court of Appeals of North Carolina.
Filed July 21, 2009.
This case not for Publication
Vann Law Firm, P.A., by Christopher M. Vann, for plaintiff-appellee.
Hatcher Law Group, P.C., by Rebecca K. Watts, for defendant-appellant.
JACKSON, Judge.
Windy Barr ("defendant") appeals from the trial court's 21 February 2008 order denying defendant's motion to modify custody. For the reasons stated below, we affirm.
On 19 October 1997, defendant and Vernon Davis ("plaintiff") were married. On 24 January 1998, their daughter, Caitlin Davis ("Caitlin") was born. Defendant and plaintiff separated four years later, at which point an ex parte order was entered granting temporary custody of Caitlin to plaintiff. On 17 December 2002, the trial court approved a parenting agreement which gave primary custody to plaintiff and weekend visitation on the first and third weekends of each month to defendant.
Throughout 2006 and 2007, both parties filed multiple motions concerning violations of the parenting agreement and seeking modification of it. During this period, the trial court issued several orders including orders to show cause and appear, orders for custody and visitation, and an order for law enforcement assistance. On 28 September 2007, defendant filed a motion to modify custody  the motion underlying this appeal. Her motion alleged multiple conditions which purportedly amounted to a substantial change in circumstances, including, inter alia: (1) plaintiff was forced to take Caitlin to her paternal grandmother's house for overnight care after plaintiff's girlfriend, Kathy Williams ("Williams"), became upset upon receipt of a letter sent by defendant's counsel; (2) plaintiff failed to attend parenting classes with Williams; (3) plaintiff continued to frustrate defendant's visitation rights; and (4) Williams refused to let Caitlin use school supplies bought by defendant. By order entered 21 February 2008, after a hearing on 4 February 2008, the trial court found that there was no substantial change in the circumstances since its previous custody ruling entered on 24 May 2007. Accordingly, the trial court denied defendant's 28 September 2007 motion to modify custody.
On appeal, defendant contends that the trial court erred in denying her motion to modify custody because (1) the trial court's findings of fact were not supported by competent evidence; and (2) the trial court's conclusions of law were not supported by proper findings of fact. We disagree.
Our Supreme Court has held that trial courts are vested with broad discretion in child custody matters. Shipman v. Shipman, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citing Pulliam v. Smith, 348 N.C. 616, 624, 501 S.E.2d 898, 902 (1998)). "This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges." Id. (citations and internal quotation marks omitted). "When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." Id. (citing Pulliam v. Smith, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998)). "`Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)).
Accordingly, "[t]he decision of the trial court should not be upset on appeal absent a clear showing of abuse of discretion." Browning v. Helff, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97 (2000) (citing Falls v. Falls, 52 N.C. App. 203, 209, 278 S.E.2d 546, 551, disc. rev. denied, 304 N.C. 390, 285 S.E.2d 831 (1981)). An abuse of discretion will be found only when the trial court's decision was "`so arbitrary that it could not have been the result of a reasoned decision.'" Leary v. Leary, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002) (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). "[T]he trial court's conclusions of law are reviewable de novo." Browning, 136 N.C. App. at 423, 524 S.E.2d at 98 (citing Wright v. Auto Sales, Inc., 72 N.C. App. 449, 325 S.E.2d 493 (1985)). However, when "`no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.'" Estroff v. Chatterjee, 190 N.C. App. 61, 71, 660 S.E.2d 73, 79 (2008) (quoting Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)).
Upon a motion to modify custody, the trial court examines whether there has been a substantial change in circumstances. See Frey v. Best, 189 N.C. App. 622, 633, 659 S.E.2d 60, 69 (2008). "[I]f the trial court does indeed determine that a substantial change in circumstances affects the welfare of the child, it may only modify the existing custody order if it further concludes that a change in custody is in the child's best interests." Id. (quoting Shipman, 357 N.C. at 474, 586 S.E.2d at 253). In addition, we previously have determined that the trial court may assign whatever importance it deems appropriate to the child's testimony. Wolfe v. Wolfe, 64 N.C. App. 249, 254, 307 S.E.2d 400, 403 (1983).
Because defendant assigns error only to the trial court's finding of fact number 31, findings numbered 1 through 30 are deemed to be binding upon this Court. See Estroff, 190 N.C. App. at 71, 660 S.E.2d at 79. Accordingly, we review only finding number 31 for substantial evidence. See Shipman, 357 N.C. at 474, 586 S.E.2d at 253. Finding of fact number 31 states in its entirety: "The Plaintiff's and Defendant's actions towards each other and the child are essentially the same as existed at the time of the last hearing." Defendant contends that this finding of fact was not supported by competent evidence because the trial court failed to contrast the 28 February 2008 order to the preceding order dated 24 May 2007. We disagree.
The 28 February 2008 order contains numerous parallels to the 24 May 2007 order which support the trial court's finding of fact number 31. For example, the parties continue to refuse to communicate with one another. In the 24 May 2007 order, the trial court found that the parties had various misunderstandings as to when visitation would terminate. The 28 February 2008 order demonstrates that the parties continue to have difficulty in agreeing on when visitation should begin and end. Additionally, as of February 2008, defendant has refused to supply plaintiff with her new address, and plaintiff has spoken to defendant only through Caitlin, even when Caitlin required medical attention. Moreover, plaintiff failed to inform defendant of a Mother's Day program at Caitlin's school. Defendant only learned of the event after Caitlin told her.
Furthermore, the 24 May 2007 order notes several instances in which the parties have frustrated the visitation rights of the other. Specifically, on one occasion plaintiff misrepresented the dates of Caitlin's school orientation in order to maintain custody for an extra week. On 20 August 2006, defendant refused to return Caitlin to plaintiff after he already had driven to Virginia in order to regain custody.
Finally, the parties' mutual inflexibility has continued since the May 2007 order. The May 2007 order states that Caitlin had missed several basketball games while in defendant's care. Similarly, the February 2008 order states that defendant still had not made accommodations so that Caitlin could participate in basketball games while in her care. Therefore, contrary to defendant's assertions, the record provides ample evidence to support the trial court's finding that "[t]he Plaintiff's and Defendant's actions towards each other and the child are essentially the same as existed at the time of the last hearing."
In a continued effort to demonstrate a substantial change in circumstances, defendant argues that Caitlin's testimony concerning her desire to live with defendant constitutes a substantial change. Defendant contends that the trial court erred by failing to assign the proper weight to Caitlin's testimony. We disagree.
As previously stated, the trial court has broad discretionary powers to assign weight to a child's testimony. Wolfe, 64 N.C. App. at 254, 307 S.E.2d at 403. "[I]t is well established that a court's failure to find facts as to a child's preference concerning custody is not grounds for reversing an award of custody." Id. In the case sub judice, the trial court heard Caitlin's testimony and determined that it did not constitute a substantial change of circumstances. Because it is well-established that the trial court determines the significance of a child's testimony, we hold that the trial court did not err when it found that Caitlin's testimony was not dispositive of a substantial change.
Accordingly, we affirm the trial court's finding of fact number 31.
Defendant next contends that the trial court's conclusions of law were not supported by the trial court's findings of fact. We disagree.
Based upon finding of fact number 31, the trial court concluded that "[t]he defendant has failed to prove that there has been a substantial change in circumstances that affects the child's welfare." We already have held that finding of fact number 31 is supported by competent evidence within the record. The parties' actions toward each other and Caitlin including, inter alia: (1) lack of communication; (2) continued frustration of visitation rights; and (3) mutual inflexibility  even at the expense of Caitlin's well-being  have continued since the time of the 24 May 2007 custody order. The trial court's conclusion that a substantial change of circumstances affecting Caitlin's welfare had not occurred was supported by the trial court's findings of fact. Furthermore, we discern no abuse of discretion in the trial court's decision to deny defendant's motion to modify custody.
For the foregoing reasons, we affirm the trial court's order denying defendant's motion to modify custody.
Affirmed.
Judges McGEE and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).