TYSON, Judge.
 

 *528
 
 Kimberly Hunter ("Defendant") appeals from order denying her Rule 60(b) motion for relief from judgment. Defendant argues the trial court lacked subject matter jurisdiction and, alternatively, that it was error for the trial court to deny her motion for relief from
 
 *364
 
 judgment. We conclude the trial court lacked subject matter jurisdiction and partially vacate one of the underlying judgments and vacate another.
 

 I. Background
 

 On or about 7 February 2014, Tony R. Banks ("Plaintiff") loaned Defendant $3,606.46, evidenced by a promissory note dated 7 February 2014 executed by Defendant ("the Note"). The Note required Defendant
 
 *529
 
 to repay the $3,606.46 within ninety days. In the event of default, Plaintiff would become the sole owner of Defendant's real property located at 1100 Possum Quarter Road in Elizabeth City, North Carolina ("Real Property").
 

 The relevant language from the Note purporting to grant Plaintiff ownership of Defendant's property states: "[f]or Collateral, the property (house & land) at the address listed below which serves the purpose for this loan will be titled to me upon receipt of funds. If the borrower fails to make the payment when due, the loan will be considered in default and the lender will become the sole owner of the said listed property."
 

 Four days later, on 11 February 2014, Defendant executed a deed of trust on the Real Property as security for the Note. The deed of trust was properly recorded in the Pasquotank County Register of Deeds that day. The deed of trust was signed by both parties and lists Plaintiff as both the trustee and the beneficiary. The deed of trust also includes a power of sale clause, stating, in relevant part:
 

 If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note, and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note and such default is not hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered.
 

 After Defendant failed to repay the loan, on 16 October 2014 Plaintiff instituted an action in district court solely on the Note for specific performance and sought for the court to convey Defendant's Real Property to him.
 

 *530
 
 Defendant was personally served. When she failed to file an answer, an entry of default was entered by the Pasquotank County Clerk of Court on 27 January 2015. Defendant was later served with a Motion for Default Judgment. After the hearing on the Motion for Default Judgment, the district court entered an order on 13 March 2015 for Defendant to pay Plaintiff's attorney's fees and court costs, and to execute a deed for all her right, title, and interest in the Real Property within ten days. In its order, the district court expressly retained jurisdiction to enter further orders, if necessary.
 

 Defendant was served with the Default Judgment Order, but failed to comply. Plaintiff filed a Motion for Contempt on 17 June 2015 and sought an order to convey the Real Property to him. After a hearing on Plaintiff's motion on 24 June 2015, the district court entered an Order of Divestiture and Vesting, which purported to divest Defendant of her Real Property and vest it with Plaintiff, pursuant to Rule 70 of the N.C. Rules of Civil Procedure.
 

 The time for timely appeal having expired, Defendant filed a Motion for Relief from Judgment and Order on 8 September 2015, pursuant to Rules 60(b)(3) and 60(b)(6) of the N.C. Rules of Civil Procedure. After hearing arguments from counsel and testimony of Defendant, the district court rendered an order denying Defendant's motion on 12 February 2016, and signed the order on 2 March
 
 *365
 
 2016. On 23 March, Defendant filed timely notice of appeal from the district court's order denying her Rule 60(b) Motion for Relief from Judgment.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2015), which provides for appeal of right from any final judgment of a district court in a civil action.
 

 III. Issues
 

 Defendant argues for the first time on appeal that the district court lacked subject matter jurisdiction over Plaintiff's claim for specific performance to convey Defendant's Real Property securing the Note. Defendant also argues that the trial court abused its discretion in denying her Rule 60(b) motion.
 

 We need not reach the issue of whether the district court abused its discretion in denying Defendant's Rule 60(b) motion. The district court lacked subject matter jurisdiction over Plaintiff's claim to transfer ownership of Defendant's encumbered Real Property to him by specifically enforcing the Note.
 

 *531
 

 IV. Standard of Review
 

 Subject matter jurisdiction is "[j]urisdiction over the nature of the case and the type of relief sought."
 
 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 590,
 
 636 S.E.2d 787
 
 , 790 (2006). (citation omitted) (alteration in original). Subject matter jurisdiction "involves the authority of a court to adjudicate the type of controversy presented by the action before it."
 
 Haker-Volkening v. Haker,
 

 143 N.C.App. 688
 
 , 693,
 
 547 S.E.2d 127
 
 , 130 (citation omitted),
 
 disc. review denied,
 

 354 N.C. 217
 
 ,
 
 554 S.E.2d 338
 
 (2001). A court's lack of subject matter jurisdiction is not waivable and can be raised at any time, including on appeal.
 
 Pulley v. Pulley
 
 ,
 
 255 N.C. 423
 
 , 429,
 
 121 S.E.2d 876
 
 , 880 (1961). "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal."
 
 McKoy v. McKoy
 
 ,
 
 202 N.C.App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) (citation omitted).
 

 V. Analysis
 

 A. Subject Matter Jurisdiction
 

 Defendant raises the district court's lack of subject matter jurisdiction before this Court. "Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute."
 
 Harris v. Pembaur
 
 ,
 
 84 N.C.App. 666
 
 , 667,
 
 353 S.E.2d 673
 
 , 675 (1987). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction."
 
 In re T.R.P.
 
 ,
 
 360 N.C. at 590
 
 ,
 
 636 S.E.2d at 790
 
 (citations omitted).
 

 "A court's subject matter jurisdiction over a particular case is invoked by the pleading."
 
 Boseman v. Jarrell
 
 ,
 
 364 N.C. 537
 
 , 546,
 
 704 S.E.2d 494
 
 , 501 (2010) (citations omitted). "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void,
 
 i.e.
 
 , as if it had never happened."
 
 Hopkins v. Hopkins
 
 ,
 
 8 N.C.App. 162
 
 , 169,
 
 174 S.E.2d 103
 
 , 108 (1970) (citations omitted). "A void judgment is in legal effect no judgment. No rights are acquired or divested by it. It neither binds nor bars any one, and all proceedings founded upon it are worthless."
 
 Hart v. Thomasville Motors, Inc.
 
 ,
 
 244 N.C. 84
 
 , 90,
 
 92 S.E.2d 673
 
 , 678 (1956) (citation omitted).
 

 B. Remedies for Mortgage Default
 

 The remedies for default of debt and realizing upon real property secured as collateral are well settled. "A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt."
 
 Walston v. Twiford,
 

 248 N.C. 691
 
 , 693,
 
 105 S.E.2d 62
 
 , 64 (1958)
 

 *532
 
 (citations omitted). "[A]n equity of redemption is inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has in a court of equity a right to redeem the property upon payment of the loan. This right cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage."
 
 Bunn
 

 v. Braswell
 
 ,
 
 139 N.C. 135
 
 , 142,
 
 51 S.E. 927
 
 , 930 (1905) (quoting
 
 Peugh v. Davis
 
 ,
 
 96 U.S. 332
 
 , 337,
 
 24 L.Ed. 775
 
 , 776 (1877) ). Furthermore,
 

 *366
 
 While in a mortgage or deed of trust to secure a debt the legal title to the mortgaged premises passes to the mortgagee or trustee, as the case may be, the mortgagor or trustor is looked upon as the equitable owner of the land-with the right to redeem at any time prior to foreclosure. This right, after the maturity of the debt, is designated his equity of redemption.
 

 Riddick v. Davis
 
 ,
 
 220 N.C. 120
 
 , 125,
 
 16 S.E.2d 662
 
 , 666 (1941) (citations and internal quotation marks omitted).
 

 North Carolina's public policy does not look favorably upon efforts to deprive a debtor and mortgagor of real property of his equity of redemption.
 
 See
 

 Wilson v. Fisher,
 

 148 N.C. 535
 
 ,
 
 62 S.E. 622
 
 , 624 (1908) (holding,
 
 inter alia
 
 , that agreement between debtor and creditor to waive debtor's equity of redemption is void).
 

 A long settled exception exists in North Carolina which makes it possible for a lender to cut off a mortgagor's equity of redemption:
 

 [I]f a lender, A, insists upon and takes a deed in absolute form from borrower B, to secure the obligation owed to A, upon an oral promise or representation that A will reconvey the land to B upon payment of the indebtedness at the appropriate time, parol evidence will not be admissible to show that the absolute deed and the oral agreement to reconvey upon payment of the indebtedness were intended to constitute a mortgage for security purposes only. In the absence of fraud, mistake, ignorance, or undue influence, parol evidence is inadmissible to show that such a deed in absolute form was intended as a mere mortgage.
 

 James A. Webster, Jr., Webster's Real Estate Law in North Carolina § 13.05[2] (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 6th ed. 2011) (footnotes omitted);
 
 See, e.g.
 
 ,
 
 Sowell v. Barrett
 
 ,
 
 45 N.C. 50
 
 , 50 (1852) (dealing with this type of agreement and stating, "[i]n a bill filed to redeem property, conveyed to the [creditor] by a deed absolute on
 
 *533
 
 its face, a Court of Equity will not relieve the plaintiff, upon mere proof of the parties' declarations. There must be proof of fraud, ignorance or mistake, or of facts inconsistent with the idea of an absolute purchase.")
 

 Similarly, an equity of redemption may not exist when an absolute deed is conveyed by a grantor to a grantee, which is accompanied by a
 
 written
 
 agreement to reconvey to the grantor upon the payment of an agreed amount of money by an agreed upon time.
 
 O'Briant v. Lee
 
 ,
 
 214 N.C. 723
 
 , 725,
 
 200 S.E. 865
 
 , 867 (1939) (citation omitted). Unlike an oral agreement to reconvey, parol evidence can be introduced, even in the absence of fraud, mistake, ignorance, or undue influence, to prove the true character of the parties' agreement.
 
 See
 

 Rice v. Wood
 
 ,
 
 82 N.C.App. 318
 
 , 326,
 
 346 S.E.2d 205
 
 , 210 (citation omitted),
 
 disc. review denied
 

 318 N.C. 417
 
 ,
 
 349 S.E.2d 599
 
 (1986).
 

 If a preponderance of the evidence shows the parties intended for the agreement to be an option to purchase, and not a mortgage, then the grantor cannot assert an equity of redemption.
 
 See
 

 O'Briant
 
 ,
 
 214 N.C. at 725
 
 ,
 
 200 S.E. at 867
 
 (citation omitted). Also, if a preponderance of the evidence tends to show the parties intended for the agreement to be a mortgage, then the grantor (mortgagor) would retain an equity of redemption.
 
 See
 

 id
 
 . at 727,
 
 200 S.E. at 868
 
 (citation omitted).
 

 Here, Defendant-debtor did not convey an absolute deed to the Plaintiff-lender that was accompanied by either a written or oral agreement for the Plaintiff-lender to reconvey the land upon payment of a specific sum of money. Defendant-debtor's obligation is evidenced by a promissory note, which was secured by a recorded deed of trust on Defendant-debtor's Real Property.
 

 "A creditor can seek to enforce payment of a promissory note by pursuing foreclosure by power of sale, judicial foreclosure, or by filing for a money judgment, or all three options, until the debt has been satisfied."
 
 Lifestore Bank v. Mingo Tribal Pres. Trust
 
 ,
 
 235 N.C.App. 573
 
 , 574,
 
 763 S.E.2d 6
 
 , 7 (2014),
 
 disc. review denied
 
 ,
 
 368 N.C. 255
 
 ,
 
 771 S.E.2d 306
 
 (2015).
 

 *367
 

 C. Foreclosure
 

 In North Carolina, the term "foreclosure" is not defined by statute or case law. Other jurisdictions define "foreclosure" as "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property."
 
 Eastern Savings Bank, FSB v. Esteban,
 

 129 Hawai'i 154
 
 , 155,
 
 296 P.3d 1062
 
 , 1063 (2013) (citing
 
 Black's Law Dictionary
 
 719 (9th ed. 2009));
 
 see also
 

 *534
 

 Ruiz v. 1st Fid. Loan Servicing, LLC
 
 ,
 
 829 N.W.2d 53
 
 , 57 (Minn. 2013) (citation omitted);
 
 Wirth v. Commonwealth of Pennsylvania
 
 ,
 
 626 Pa. 124
 
 , 160,
 
 95 A.3d 822
 
 , 843 (2014) (citation omitted),
 
 cert. denied sub nom.
 

 Houssels v. Pennsylvania
 
 , --- U.S. ----,
 
 135 S.Ct. 1405
 
 ,
 
 191 L.Ed.2d 362
 
 (2015). North Carolina statutes provide for two means by which a foreclosure proceeding may be brought against real property: (1) foreclosure by judicial sale pursuant to
 
 N.C. Gen. Stat. § 1-339.1
 

 et seq
 
 ., or, (2) if expressly provided within the deed of trust or mortgage, by power of sale under
 
 N.C. Gen. Stat. § 45-21.1
 

 et seq
 
 .
 
 Wolfe v. Wolfe
 
 ,
 
 64 N.C.App. 249
 
 , 255,
 
 307 S.E.2d 400
 
 , 404 (1983) (citations omitted),
 
 disc. review denied
 
 ,
 
 310 N.C. 156
 
 ,
 
 311 S.E.2d 297
 
 (1984). These statutes provide the exclusive means for foreclosure in North Carolina.
 

 Id.
 

 North Carolina previously recognized the common law "strict foreclosure," under which, if a mortgagor failed to satisfy his debt by a fixed date, a court would convey the mortgagor's interest in the collateral to the mortgagee without the need for a sale.
 
 Bunn v. Braswell
 
 ,
 
 139 N.C. at 142
 
 ,
 
 51 S.E. at 930
 
 . To avoid the harsh result that a mortgagor would lose "any and all interest in [his] land[,]" courts began to recognize the mortgagor's equity of redemption, the ability to redeem a mortgage debt within a reasonable time after default and before foreclosure.
 
 Id
 
 .
 

 "[A] foreclosure by power of sale is a type of special proceeding, limited in scope and jurisdiction, in which the clerk of court determines whether a foreclosure pursuant to a power of sale should be granted."
 
 Mingo
 
 ,
 
 235 N.C.App. at 579
 
 ,
 
 763 S.E.2d at 10
 
 . A foreclosure by judicial sale "requires formal judicial proceedings initiated by summons and complaint in the county where the property is located and culminating in a judicial sale of the foreclosed property if the mortgagee prevails."
 
 Phil Mech. Const. Co. v. Haywood
 
 ,
 
 72 N.C.App. 318
 
 , 321,
 
 325 S.E.2d 1
 
 , 3 (1985) (citation omitted).
 

 Here, as indicated by the language in the Note stating "[f]or Collateral, the property (house & land) at the address listed below which serves the purpose for this loan will be titled to me upon receipt of funds," and the subsequently executed deed of trust containing a power of sale clause, Defendant's legal title to real property was conveyed to Plaintiff to hold as a trustee under the deed of trust, and not as an absolute deed.
 
 Walston,
 

 248 N.C. at 693
 
 ,
 
 105 S.E.2d at 64
 
 .
 

 Plaintiff did not file to only seek a money judgment to enforce payment of the promissory note, but instead also sought specific performance to have Defendant's Real Property judicially conveyed to him. Plaintiff's pursuit of specific performance in the district court to terminate Defendant's (the mortgagor's) interest in her property in order to
 
 *535
 
 gain unencumbered title to satisfy Defendant's unpaid debt on the Note and extinguish Defendant's interest therein, by definition, constitutes a "foreclosure."
 
 See
 

 Wirth,
 

 626 Pa. at 160
 
 ,
 
 95 A.3d at
 
 843 ;
 
 see also Black's Law Dictionary
 
 719 (9th ed. 2009). Because Plaintiff petitioned the district court to transfer Defendant's interest in the Real Property to him, without a sale, after default of repayment and the debt was not repaid by the time specified in the Note, Plaintiff sought a "strict foreclosure."
 
 See
 

 Bunn
 
 ,
 
 139 N.C. at 142
 
 ,
 
 51 S.E. at 930
 
 . This form of foreclosure is no longer recognized in North Carolina.
 
 Id
 
 .
 

 Based on his complaint, Plaintiff did not seek a foreclosure pursuant to either
 
 N.C. Gen. Stat. § 1-339.1
 

 et seq.
 
 , or
 
 N.C. Gen. Stat. § 45-21.1
 

 et seq
 
 . The terms of the deed of trust grant Plaintiff the power to bring a power of sale foreclosure, which he did not utilize. He did not ask the court to order a sale of Defendant's Real Property. Both of the exclusive and statutory means of foreclosure require a sale of mortgaged property.
 
 See, e.g.,
 

 N.C. Gen. Stat. § 1-339.1
 
 ("A judicial sale is a
 
 sale
 
 of property made pursuant
 
 *368
 
 to an order of a judge or clerk in an action or proceeding in the superior or district court, including a
 
 sale
 
 pursuant to an order made in an action in court to foreclose a mortgage or deed of trust[.]" (emphasis supplied);
 
 N.C. Gen. Stat. § 45-21.1
 
 (a)(2) (" 'Sale' means a sale of real property or a sale of any leasehold interest created by a lease of real property pursuant to (i) an express power of sale contained in a mortgage, deed of trust, leasehold mortgage, or leasehold deed of trust or (ii) a 'power of sale', under this Article, authorized by other statutory provisions."). By not pursuing a foreclosure sale, Plaintiff was not seeking a foreclosure procedure allowed under either of our foreclosure statutes.
 

 Additionally, in a foreclosure sale, the mortgagor-debtor is entitled to any excess proceeds, the amount obtained from the sale in surplus of the amount owed on the debt, less the costs of sale.
 
 Smith v. Clerk of Superior Court,
 

 5 N.C.App. 67
 
 , 73-74,
 
 168 S.E.2d 1
 
 , 5-6 (1969). Plaintiff's seeking of a judicial conveyance rather than a sale of the Real Property has the effect of depriving Defendant of any potential excess proceeds she is entitled to.
 

 In analyzing the jurisdiction of the district court to grant relief that is not one of the exclusive means of relief provided by statute, our Supreme Court's analysis in
 
 Boseman v. Jarrell
 
 is instructive. In
 
 Boseman
 
 , the plaintiff had petitioned for and obtained from the adoption court a type of adoption that was not one of the three exclusive means of adoption provided by Chapter 48 of our General Statutes.
 
 Boseman
 
 ,
 
 364 N.C. at 546
 
 ,
 
 704 S.E.2d at 501
 
 . The Court held,
 
 inter alia
 
 , that because the plaintiff had petitioned for a type of adoption, not recognized in our exclusively
 
 *536
 
 statutory adoption laws, the plaintiff's petition did not invoke the adoption court's subject matter jurisdiction.
 
 Id
 
 . at 547,
 
 704 S.E.2d at 501
 
 .
 

 The Court determined that because plaintiff failed to seek a type of adoption expressly allowed by the adoption statute, plaintiff's petition for adoption did not invoke the adoption court's subject matter jurisdiction and all actions in the proceeding before the adoption court, including the entry of the decree, were taken and entered without subject matter jurisdiction.
 
 Id
 
 . The Court held that because the General Assembly did not vest our courts with subject matter jurisdiction to create the type of adoption attempted, the adoption decree was void
 
 ab initio.
 

 Id.
 

 at 539
 
 ,
 
 704 S.E.2d at 496
 
 .
 

 Here, as in
 
 Boseman
 
 , Plaintiff petitioned for a strict foreclosure of encumbered property under a deed of trust, a type of relief not afforded under our General Statutes. Plaintiff's petition for specific performance to transfer Defendant's Real Property to him, amounted to a strict foreclosure, which is unrecognized by our statutes providing for the exclusive means of foreclosure.
 
 Wolfe
 
 ,
 
 64 N.C.App. at 255
 
 ,
 
 307 S.E.2d at 404
 
 . Because a court's subject matter jurisdiction is invoked by the pleadings, Plaintiff failed to invoke the trial court's subject matter jurisdiction over the relief sought by seeking a type of foreclosure which is not allowed for by our foreclosure statutes.
 
 See
 

 Boseman
 
 at 546,
 
 704 S.E.2d at 501
 
 . The actions taken before the district court, including the Default Judgment Order against Defendant, as it affects the conveyance of tile of Real Property secured by the deed of trust, were done without subject matter jurisdiction. The Default Judgment Order, to the extent it orders the conveyance of Defendant's Real Property, and the subsequent Order of Divestiture to enforce the Default Judgment, are void for lack of jurisdiction and are vacated.
 

 VI. Conclusion
 

 The district court is without subject matter jurisdiction to enter the Default Judgment Order and Order of Divestiture as they pertain to ordering conveyance of title of Defendant's Real Property secured under the deed of trust. The Default Judgment Order, to the extent it requires Defendant to convey her Real Property secured under the deed of trust to Plaintiff, is vacated. The Order of Divestiture, which terminates Defendant's right, title, and interest in the Real Property and purports to vest it with Plaintiff, is also vacated.
 
 It is so ordered
 
 .
 

 VACATED.
 

 Judges McCULLOUGH and DILLON concur.